NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GEORGE SCANNY, BY HIS NEXT FRIEND, CLARA SCANNY, AND CLARA SCANNY, PETITIONERS, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, A FOREIGN CORPORATION, RESPONDENT.

Decided September 5, 1935.

For the petitioners, *Oscar LeWine.*

For the respondent, *O. N. Taylor.*

In case *sub judice* it is not denied that petitioner met with an accident which arose out of and in the course of his employment March 1st, 1934.

Respondent moves for a dismissal alleging that petitioner having executed notice to effect that section 2 of the Workmen's Compensation act (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3870, § **236-7) does not apply and due to his being a minor his mother also signed, the bureau has no jurisdiction.

Paragraph 9, section 2 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3871, § **236-9) provides that every contract of hiring made subsequent to the time provided for this act to take effect shall be presumed to have been made with reference to the provisions of section 2 of this act, *supra,* and unless there be as a part of such contract an express statement in writing, prior to any accident, either in the contract itself or by written notice from either party to the other that the provisions of section 2 of this act are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 of this act and have agreed to be bound thereby.

In the employment of minors, section 2 shall be presumed to apply unless the notice be given by or to the parent or guardian of the minor.

The act is very clear as to the fact that in employment of a minor section 2 applies unless notice is given to his parent or guardian to the contrary.

It was so held in the case of *Troth* v. *Millville Bottle Works,* 89 *N. J. L.* 219; 98 *Atl. Rep.* 435, and *Brost* v. *Whital Tatum Co.,* 89 *N. J. L.* 531; 99 *Atl. Rep.* 315.

In its interpretation of this provision in the act the upper courts have been most liberal in so far as the manner in which notice is given as was determined in the above referred to cases.

But notice must be given as held in the case of *Radasocky* v. *Newman,* 3 *N. J. Mis. R.* 848.

The execution of this form is not merely a perfunctory act as was done in the case *sub judice.*

Referring to the form introduced by the respondent marked *R-1* in evidence we note that same is incomplete. It is not

dated. Certification as to delivery is left blank. Mother of petitioner alleges she did not sign. There is no evidence to dispute this fact. Petitioner alleges he signed his mother's name and a comparison of the signature of the petitioner with the signature purporting to be that of the mother's name bears a marked resemblance. The signature of the mother offered in evidence while similar does not bear the same resemblance as the petitioner's writing. We also have the testimony of the mother that she did not sign and the petitioner that he did sign her name with the further testimony that he did not know the purpose of the paper other than it would aid him in obtaining a job.

The witness who signed alleged he witnessed son's signature but not the mother's.

A document of this type in my opinion warrants more care in its execution than was exercised in this instance by the respondent. The administration of a statute is involved and one in which the procedure under section 1 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3868), is entirely different than that provided in section 2, *supra.*

In view of the fact that notice was not given as directed by paragraph 9 of section 2 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3870), I am holding that in this instance section 2 applies, and that the bureau has jurisdiction.