EDGAR L. TROTH, RESPONDENT, v. MILLVILLE BOTTLE WORKS, APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

1. The supplement to the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 762), providing that every contract of hiring then in operation shall be presumed to continue subject to the provisions of section 2 of the original compensation act unless either party shall, prior to an accident, in writing, notify the other party to such contract that the provisions of section 2 are not to apply, simply permits the parties to the contract to alter its terms and provisions, and provides a rule of evidence as to what shall be proof of the altering of such contract by mutual consent. The legislature has not, by this statute, impaired the obligation of the master and that of the servant arising out of the original contract of hiring.

2. Actual knowledge by, or formal notice to an authorized agent of, a corporation is sufficient notice under paragraph 15 of the Workmen's Compensation act. *Pamph. L.* 1911, *p.* 134.

On appeal from the Supreme Court, whose opinion is reported in 86 *N. J. L.* 558.

For the appellant, *Louis H. Miller.*

For the respondent, *Wescott & Weaver.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present action was instituted in the Court of Common Pleas of Cumberland county under the Workmen's Compensation act of 1911. *Pamph. L.,* p. 134. ,The plaintiff was a minor engaged in the service of the defendant company, and was injured by being struck in the eye with the handle of a mold-making machine which he was operating at the time of the injury. The trial court held that he was entitled to the benefits of the statute, and awarded him compensation accordingly. Upon review by the Supreme Court the award was affirmed, and from the judgment of affirmance the present appeal is taken.

The first contention made before us is that the case is not within the statute, for the reason that the defendant company had refused to accept its provisions, and had notified the plaintiff and his parent (by whom the minor's contract was made) of such refusal, before the happening of the accident. Upon this point we concur in the conclusion reached by the Supreme Court and in the reasoning upon which it is based.

It is further contended that the supplement to the Workmen's Compensation act, approved May 2d, 1911 (*Pamph. L.,* p. 762), is unconstitutional, so far as it applies to the present case, for the reason that the contract of hiring was entered into before the enactment of the original statute, and that its obligations are impaired thereby. Section 2 of the original act provided that the parties to a contract of employment might agree between themselves that the scheme provided by that section should become a provision of their contract, and should then be the sole measure of the obligation of the employer for injuries received by the employe by accident

arising out of and in the course of the employment, and the sole measure of the compensation to which the employe should be entitled for injuries so received. It further provided that in all contracts of employment made after the statute went into effect, it should be presumed that the parties to it had accepted the provisions of the section, and had agreed to be bound thereby, unless there should be a written notice given by one of the parties to the other, prior to any accident, that such provisions were not intended to apply. The supplement now attacked, so far as it affects the present case, declares that "every contract of hiring now in operation shall, after this act takes effect, be presumed to continue subject to the provisions of section 2 of the act to which this is a supplement, unless either party shall, prior to accident, in writing notify the other party to such contract that the provisions of section 2 are not intended to apply."

In the case of *Sexton* v. *Newark District Telegraph Co.*, 86 *N. J. L.* 701, we had occasion to consider the effect of this supplement upon a contract of hiring entered into after its enactment, but prior to the date upon which it went into effect, and held that it violated no constitutional rights of the parties to that contract; adopting the view of Mr. Justice Trenchard in an opinion delivered in the Supreme Court. 84 *N. J. L.* 85. The question now presented is a broader one, and involves the validity of the statute as to contracts of employment entered into prior to its enactment.

That the parties to an existing contract may, by mutual consent, modify or change it by altering or excising certain of its provisions, or by adding new provisions thereto—provided the modifications or changes do not make the contract illegal, or violative of public policy—is elementary law. And this may be done orally, even though the original contract be in writing. *Headley* v. *Cavileer*, 82 *N. J. L.* 635. Whether prior to the enactment of the Workmen's Compensation act, a contract of employment which undertook to change the common law obligations of the master, and to fix an arbitrary sum as the amount to be paid to the servant as compensation

in the event of his being injured while being engaged in his master's service, would have been opposed to public policy need not now be considered, for by that act, the legislature has authorized such changes to be made to the extent therein specified, and its power to do so cannot be questioned.

The supplement under consideration does two things, and only two things. First, it permits, but does not compel, the parties to an existing contract of hiring to alter its terms by eliminating those provisions of it, either expressed or implied, which regulate the obligation of the master to make compensation to the servant for injuries received by the latter while engaged in the master's work, and substituting in the place thereof the measure of the master's obligation provided by the original act, and the scheme of compensation created thereby. It needs no argument beyond what has already been stated to justify such legislative action. Second, it provides a rule of evidence for determining in a given case whether or not the parties to a contract of employment which was entered into prior to the enactment of the statute, have or have not taken advantage of the permission granted thereby, and by mutual consent altered the original terms of that contract by substituting the measure of the master's obligation, and the extent of the servant's right of recovery, provided by the original act. The rule of evidence thus provided is that, unless one of the parties to the contract shall in writing notify the other, prior to the happening of an accident to the servant, of his unwillingness to have the contract altered by reading into it the provisions of section 2 of the original act, it shall be conclusively presumed, whenever the question of the servant's right to compensation from the master for injuries received shall arise, that the parties to the contract had, prior to the happening of the accident, by mutual agreement so altered it.

Neither in the granting of permission to the parties to a contract of employment to change its provisions in the manner and to the extent indicated, nor in providing a rule of evidence for ascertaining whether or not the provisions of a

given contract have been so changed, has the legislature impaired in any degree the obligations either of the master or the servant arising out of the original contract of hiring.

Lastly, it is contended that by force of the fifteenth paragraph of section 2 of the original act an employe is not entitled to compensation unless the employer shall have actual knowledge of the occurrence of the injury, or shall obtain such knowledge within ninety days thereafter, except upon proof of written notice given to the employer by the employe within the ninety day period. The argument is that where the employer is a corporation it is impossible that it shall have actual knowledge of the occurrence of an injury to one of its employes, and that, therefore, in the case of a corporate employer, it is under no obligation to make compensation unless it receives the statutory notice.

It is conceded that no notice in writing was given in the present case.

The question raised by this contention has already received consideration at our hands in the case of *Allen* v. *Millville,* 88 *N. J. L.* 693, and was resolved adversely to the appellant's contention. We see no reason to change the view expressed by us in the opinion delivered in the cited case.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.