GEORGE P. EBBS AND SALLIE A. EBBS, APPELLANTS, v. GLENN E. NEFF, RESPONDENTS.

Kansas City Court of Appeals. February 1, 1926.

**1.—Justices of Peace—Justice of Peace and Circuit Court on Appeal in Construing Rental Contract Held Not to Have Assumed Equitable Jurisdiction.** In a suit in justice court under provisions of section 6901, Revised Statutes 1919, for possession of land and nonpayment of rentals, defendant was entitled to show, under a general denial, that deed and alleged rental contract introduced in evidence by plaintiffs was something other than it purported to be on its face, and justice of peace and circuit court on appeal in construing contract did not assume equitable jurisdiction.

**2.—Evidence—Parol Evidence Admissible to Explain Terms of Contract Ambiguous or Uncertain on Its Face.** Parol evidence may not be received to vary terms of written contract but rule does not apply where contract on its face is ambiguous or uncertain.

**3.—Same—Oral Evidence Admissible to Determine Whether Contract, Ambiguous on Its Face, Should be Construed as a Loan Contract or a Lease.** Where a contract of rental sued on was ambiguous on its face, requiring

court to determine whether it should be construed as a loan contract or a lease, it was proper to admit oral evidence in explanation of its terms.

**4.—Contracts—Construction—Intention of Parties Gathered from Whole Instrument and Read in Light of Circumstances Under Which It Was Exe-, cuted.** Real intention of parties to contract should control the letter, and strict letter may be either abridged or enlarged so as to give effect to true intention of parties as gathered from whole instrument.

**5.—Same—Same—Duties and Obligations Implied by Law Are as Much a Part of Contract as Those Which Are Expressed.** The law often implies duties and obligations over and above those which are expressed, and such implied duties and obligations are as much a part of the contract as those which are expressed.

*Corpus Juris-Cyc. References: Contracts, 13CJ, p. 523, n. 20; p. 542, n. 30; p. 560, n. 37; Evidence, 22CJ, p. 1175, n. 44; p. 1184, n. 86; Justices of the Peace, 35CJ, p. 528, n. 4 New.

Appeal from the Circuit Court of Johnson County.—Hon. Henry J. Westhues, Judge.

A FFIRMED.

*M. D. Aber* for appellants.

*Nick M. Bradley* and *Prince, Harris & Beery* for respondent.

ARNOLD, J.—This is an action for possession of certain lands in Johnson county, Missouri, the title to which is alleged to be in plaintiffs, and for judgment for nonpayment of rentals on same. The suit was instituted in a court of a justice of the peace in said county, under the provisions of section 6901, Revised Statutes 1919, by filing in said court a statement alleging ownership by plaintiffs of 200 acres of land therein described. After said allegations, the statement proceeds, as follows:

"That same was rented and let to the defendant by a certain contract of rental dated March 24, 1920, for a term of four years; that by said rental contract defendant became and was and is obligated to pay to plaintiffs the sum of $210 on August 1, 1923, and the further sum of $210 on the 1st day of February, 1924, being the end of said term, and also the taxes due on said land on and prior to December 31, 1923, amounting to $103.94; that of the sum due August 1, 1923, defendant paid the sum of $54, leaving it at that time $156 due plaintiffs; that no part of the payment due February 1, 1924, was paid and it all remains due; that the tax mentioned was not paid, and that defendant thereby became further indebted to plaintiffs in the said sum of $103.94, the $156 bearing interest from August 1, 1923, the said $210 bearing interest at six per cent from

February 1, 1924, and the $103.94 bearing interest at the same rate from December 31, 1923, making a total rent due of $478.44.

"That said agreement of rental further provided that the defendant should pay all interest coming due on the certain note secured by the deed of trust shown at Book 192, page 26 of the deed records of Johnson county, Missouri, and that same amounted to $275 and was not paid by defendant, and plaintiffs as provided by said rental and the obligations of law, paid same on January 30, 1924, and are entitled to interest thereon from said date to this time, $4.21, a total further rental of $278.21, making an entire rental due for the year of $756.65. That same has been demanded from defendant and that payment has not been made.

"Wherefore plaintiffs pray that judgment be rendered restoring the possession of all said property so described and that they recover said rental, together with their costs herein."

Defendant filed no pleadings in the justice court—none being required. The justice of the peace rendered judgment for plaintiffs for the alleged unpaid rentals and for possession of the land. Defendant appealed to the circuit court of said county where the cause was tried *de novo* by the court, a request by defendant for a jury being overruled. The judgment was for defendant and plaintiffs appeal.

The facts of record are as follows: Defendant bought from one Shannon a two hundred-acre farm, for the price and sum of $23,000, against which there was an existing first mortgage of $5,000. Defendant had $11,000 which was applied on the purchase price and he borrowed $7,000 from plaintiffs to make up the remainder, as evidenced by the written contract called a lease, making the amount due in four years, bearing six per cent interest. By agreement of parties, on March 24, 1920, and concurrent with the execution of said contract, a warranty deed to the land was made direct by Shannon to plaintiffs. Among other things, the said contract provided:

"The first parties (plaintiffs) have rented and do hereby rent and let to second party (defendant) for a term commencing this date and ending February 1, 1924, the following described land in Johnson County, Mo., to-wit: (Here follows description of the land.)

"In consideration of said letting, second party agrees and binds himself to pay to first parties $175 on August 1, 1920, and $210 on February 1, 1921, and thereafter the sum of $210 on August 1, 1921, and February 1, 1922, on the corresponding dates, $210 each six months up to and including February 1, 1924. Second party agrees further that he will pay all interest as it comes due on the certain note or notes secured by deed of trust covering said lands shown at Book 192, page 26, deed records of said county and in all things keep and perform the covenants in said deed of trust mentioned,

While the general principles of law announced in these objections are correct, they do not apply to the case at bar. Plaintiffs seem to have fallen into the erroneous position that the contract, upon its face being one for rental, that it cannot be adjudged to be anything other than what it purports to be, except by a court of equity. We may assume that defendant, in the justice court, properly defended the case as though a general denial had been filed, i. e., that he denied plaintiffs' allegations and, therefore, was entitled to show that the contract, in fact, was something other than it purported to be on its face. Certainly this does not imply that in construing the contract the justice of the peace would have assumed equitable jurisdiction.

It is charged the court erred in overruling plaintiffs' objection to the introduction of parol evidence in explanation of the contract in evidence. It may not be questioned that it is the general rule, as well as the rule in this State, that parol evidence may not be received to vary the terms of a written contract. As this rule is not disputed by defendant, citations are unnecessary. But the rule is general and does not apply where the contract on its face is ambiguous or uncertain. [Citizens Trust Co. v. Tindle, 272 Mo. 681, 199 S. W. 1025; Terry v. Terry (Mo. App.), 217 S. W. 842.] That the court was justified in holding the contract ambiguous, we have no doubt. The testimony would seem to support the obvious position of the trial court.

The contract recites "should second party desire, he may pay portions of said sum at rental paying dates, said payments to be $100, or multiples thereof, in which event, further payments of rentals shall be reduced *pro rata* to such payments." In an attempt to secure plaintiffs' explanation of this point, witness Geo. P. Ebbs was asked as to its compatibility with the theory of a rental contract, or lease, but he was unable to explain it and so admitted. And when he was asked what he would pro rate such payments against, answered "against the $7,000 that I let him have to close the deal." The trial court, obviously and properly, held such facts to be in conflict with any relation of landlord and tenant between the parties.

It would seem that the duty of the court was to determine whether the contract in evidence should be construed as a loan contract or a lease. Being ambiguous on its face, it was proper to admit oral testimony in explanation of its terms. [Riffe v. Proctor, 99 Mo. App. 601, 74 S. W. 409; Weisman v. Ins. Co., 267 S. W. (Mo. App.) 21.] Particularly applicable to the facts in the case at bar is the ruling in Whiteside v. Oasis Club, 162 Mo. App. 502, 142 S. W. 752-3, where it is said:

"Furthermore, the document recites that it is a lease and, besides, choice technical words of demise are employed therein. Indeed, it purports on its face to be a lease and recites that plaintiff had leased

the amounts named therein to be paid by defendant to plaintiffs are not, in fact, "rental" payments as designated in the contract, but are payments of interest on the $7,000 borrowed from plaintiffs as above detailed, and that plaintiffs are not entitled to maintain this suit, as instituted, under the provisions of section 6901, Revised Statutes 1919.

In support of their case, plaintiffs introduced in evidence the warranty deed from Shannon to them and also the written contract above referred to. George P. Ebbs, one of the plaintiffs, was introduced as a witness and identified the warranty deed and contract. This witness admitted the loan of $7,000 to defendant to complete his contract of purchase of the land from Shannon; that plaintiffs were to receive $420 per year rental and that this was six per cent interest on the $7,000 admitted to have been loaned by plaintiffs to defendant. This witness testified that of the payments designated in the contract, only $54 was paid in 1923; that plaintiffs had paid the interest $275 on the underlying mortgage and taxes in the amount of $103.94, and that demand had been made on defendant for these amounts which were claimed as part of the amount due from defendant to plaintiffs.

The testimony in behalf of defendant was confined to an effort to refute the claim of plaintiffs that the relation existing between plaintiffs and defendant was that of landlord and tenant. It is defendant's contention that plaintiffs chose the wrong remedy; that they should have gone into a court of equity and asked for a decree of foreclosure, instead of attempting to employ the summary remedy for the use of landlords against tenants in default, as provided by section 6901.

As we read the record before us, the only question presented for our solution is whether or not the contract is to be construed as a lease and the payments provided for therein, to be treated as rentals, or whether the contract is merely for the payment of interest and the warranty deed, in fact, should be construed as a mortgage given as security for the $7,000 loan. The trial court seems to have accepted the latter theory of the case and predicated its judgment and finding thereon.

Under points and authorities, plaintiffs urge that the court erred in construing the contract as other than a contract of rental, and the warranty deed as other than a conveyance of the fee title from Shannon to plaintiffs. It is insisted that an action for possession brought under section 6901, supra, is purely a legal one, in personam, without equitable provision; that the case having been brought in a justice court which is without equitable jurisdiction, on appeal from a judgment therein, the circuit court has only the same power and jurisdiction as had the justice.

devolving upon the grantors therein to do and perform, and keep paid all premiums or assessments of insurance on said premises which may be thereon for protection of said loan and such additional insurance as first parties may desire to have thereon. . . .

"It is further provided and agreed as the inducement to second party to make and enter upon the covenants and agreements herein contained that in the event second party keeps and performs the covenants herein contained and by law provided, and shall at any rental paying date herein provided for, pay and tender to first parties, or to the survivor should either have departed this life, the full sum of seven thousand dollars, together with all rent due and make all payments due or accruing upon said note, and assume all taxes thereafter coming due, that then the first parties will make to second party a deed to said lands, and deliver abstract transferred by their grantor, kept by holder of said loan, in same condition as when so deposited with such extension as may now be thereon, second party to pay expenses of such conveyance and any revenue or tax of any kind which may be imposed upon such transfer by law. Should second party desire, he may pay portions of said sum at rental paying dates, such payment to be $100 or multiples thereof in which event future payments of rental shall be reduced *pro rata* to such payment.

"Failure to comply with provisions herein contained or any of them shall at option of first parties cause this agreement immediately to terminate and first parties may enter and take possession if they deem it necessary for protection of their rights so to do. All provisions of the landlord and tenant laws of the State of Missouri and rights therein conferred upon landlords or tenants to be deemed part hereof.

"If the option above mentioned is not exercised at or before termination of this contract, and no renewal is made, first parties to have possession at end hereof."

The said deed and contract were introduced in evidence by plaintiffs and it is their position that, by reason of said deed having conveyed the property to them direct from Shannon, and by reason of the failure of defendant to keep and perform the obligations detailed in the contract, they are entitled to judgment for the unpaid rentals and to possession of the land.

Defendant, by testimony introduced in his behalf, denies that the title to the land is in plaintiffs and the cause was tried throughout by defendant on the theory that the title to the land is vested in him and not in plaintiffs; that the deed from Shannon to plaintiffs, in fact, is a mortgage to be held by plaintiffs as security for the loan of $7,000 made by them to defendant and that the contract, introduced in evidence, is not, in fact, a lease, but a loan contract; that

220 Mo. App.—68.

and demised the premises to defendant. But the mere fact that it is denominated a lease and employs technical words of demise is not sufficient in law to constitute the instrument an indenture of lease if it, in fact, appears to be something other than that.''

The same point is discussed in St. J. & St. L. R. Co. v. Ry. Co., 135 Mo. 173, 198, 36 S. W. 602, 608, and the court said:

''We attach no importance to the fact, for reasons already given, that the parties to that contract denominated it a lease. Nor is the defendant concluded by the admission in its answer that it was a lease since the admission was accompanied by a profert of the instrument on which its admission was based. Such an admission cannot 'in the smallest degree alter or affect the tenor of such instrument.' This could no more be done than could the jurisdiction of a court be defeated by a failure to deny the charge that no jurisdiction existed. [Edmonson v. Phillips, 73 Mo. 57.]''

And in Powell v. Crow, 204 Mo. 481, 102 S. W. 1024-25, the Supreme Court said:

''In our effort to arrive at the real intention of the parties, we must consider what they did and said at the time, the circumstances surrounding them,'' etc.

That the contract in evidence was not a lease, but a loan contract, seems to have been admitted in evidence. Note that on cross-examination of Geo. P. Ebbs, the following occurred:

''Q. Now, as I understand it, he bought this land and did not have the money to pay for it and you agreed to advance the money provided that he would give you a deed. A. (No answer.)

''Q. That was the understanding that it was security for this money and after he had given you that deed you then entered into this contract. A. Yes, sir.''

It is the law that the real intention of the parties to a contract should control the letter, and the strict letter may be either abridged or enlarged so as to give effect to the true intention of the parties as gathered from the whole instrument, and the contract must be read in the light of the circumstances under which it was executed. It is true, also, that the law often implies duties and obligations over and above those which are expressed; and these implied duties and obligations are as much a part of the contract as those which are expressed. [Pickard v. Detective Agency, 187 S. W. (Mo. App.) 614.]

We have examined plaintiffs' citations on this point and find nothing therein contrary to the above ruling. For reasons above stated, we hold the testimony of record sufficient to support the ruling and judgment of the trial court. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.