# MARCH, 1930.

HARRY HOLMES, GUARDIAN AND CURATOR, ETC., APPELLANT, v. MACK INTERNATIONAL TRUST COMPANY, ET AL., RESPONDENTS.

Kansas City Court of Appeals.   May 5, 1930.

*Walter H. Maloney* and *Carroll W. Berry* for appellant.

*Walter A. Raymond* and *Shughart & Johnson* for respondents.

BARNETT, C.—This appeal was taken by the guardian of the minor children of Bert T. McMullen, deceased, from the order of the circuit court affirming an award of the Workmen's Compensation Commission. The commission made an award of $20 per week for 429 weeks and $2.86 for one week, or until death or remarriage of Ada McMullen, widow of Bert T. McMullen, who was accidently killed while acting within the scope of his employment, with remainder to John Edward and Hubert McMullen, as their rights and interests might appear. The evidence showed that deceased was the father of the two minors by a former marriage, but that he had

procured a divorce several years prior to his death and had then married the respondent, Ada McMullen. The children lived with the deceased and their stepmother and were supported by their father in his lifetime. After the father's death the divorced wife took the custody of the children. Under the award the minor children will receive nothing unless Ada McMullen dies or remarries before it is paid in full.

## OPINION.

Appellant claims that as to these minor children there was no surviving dependent parent and no surviving step-parent, because the relation of step-parent was terminated at the father's death and therefore the use of the word "step-parent" in the Workmen's Compensation Act is meaningless. Section 21 of the act provides for compensation to dependents and clause D is as follows:

"The word 'dependent' as used in this act shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee in the following order and any death benefit shall be payable in the following order, to-wit:

"(1) A wife upon a husband legally liable for her support, and a husband mentally or physically incapacitated from wage earning upon a wife. Provided, that on the death or remarriage of a widow, the death benefit shall cease unless there be other dependents entitled to any unpaid remainder of such death benefit under this act.

"(2) A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent or step-parent. In case there is more than one child thus dependent, the death benefit shall be divided among them in such proportion as may be determined by the commission after considering their ages and other facts bearing on such dependency. In all other cases questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury, and in such other cases, if there is more than one person wholly dependent the death benefit shall be divided equally among them."

It is clear that a wife is conclusively presumed to be totally dependent upon a husband legally liable for her support, and that she is the first in order to whom the death benefit shall be payable. Children under the age of eighteen years take the compensation upon the death of the parent with whom the children shall be found

to be living at the time of the death of such parent, if there be no surviving dependent parent or step-parent. We are asked to eliminate the provision concerning a surviving step-parent on the ground that there is no such thing. If the courts should indulge in involved and complicated theories and should laboriously put together the various expressions found in different opinions, and thus arrive at the conclusion that the words "surviving step-parent" as used in this statute did not refer to the person who was a step-parent and who survived the death of the parent, the public would justly say of them, "Much learning hath made thee mad." There are cases that hold that a woman is no longer the stepmother of her husband's children by a former marriage after the death of her husband. The fact remains that the Legislature intended to express some meaning when it referred to "surviving dependent parent or step-parent," and there can be no doubt what that meaning is.

Appellant claims that there is a manifest injustice in permitting a stepmother to take the entire compensation to the exclusion of the dependent minor children of the deceased. We did not pass the statute and take no responsibility for the policy announced in its plain provisions. Appellant contends that the act provides that if there be "more than one person wholly dependent, the death benefit shall be divided equally among them." This language has reference to cases where two or more persons come within the provision of the State that "in all other cases questions of total or partial dependency shall be determined in accordance with the facts;" that is, all cases other than where the widow or minor children shall take. The act provides for the payment of the benefit in all cases where there shall be actual dependency, but only provides for a conclusive presumption of dependency in the case of a wife; husband incapacitated from wage-earning, and minor children. The provision for division where more than one person is defendant does not operate to repeal the provision that the compensation shall be paid to the wife and not the children unless there be no surviving parent or step-parent. The St. Louis Court of Appeals, in the case of Sleyster v. Eugene Donzelet & Son, 25 S. W. (2d) 147, construed the Workmen's Compensation Act without regard to the wisdom or its provisions, and we endorse what was said in the opinion in that case.

The judgment of the circuit court should be affirmed. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of BARNETT, C., is adopted by the court. The judgment of the circuit court is affirmed. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.