GEORGE A. SCHULER v. SCHULER CANDY COMPANY AND ANOTHER.[1]

February 10, 1939.

No. 31,897.

[1]Reported in 283 N. W. 781.

*Orr, Stark & Kidder,* for relators.
*S. Robins,* for respondent.

LORING, JUSTICE.

This case comes here upon writ of *certiorari* to review a decision of the industrial commission holding that L. 1937, c. 64 (3 Mason Minn. St. 1938 Supp. §§ 4272-1 to 4272-10), abrogated an employe's election not to be bound by the workmen's compensation act, made prior to the adoption of that chapter. The title of c. 64 insofar as it relates to the subject under consideration provides:

"An act relating to Workmen's Compensation; abolishing as to all contracts of employment made after the effective date of this act, the right of an employe or employer to elect not to be bound by the Workmen's Compensation Act as it has heretofore existed under Section 4271, Mason's Minnesota Statutes, 1927; * * *."

Section 1 of that act provides:

"The right of an employer and employe, as it has heretofore existed under § 4271, Mason's Minnesota Statutes, 1927, to elect not to be bound by the Workmen's Compensation Act is hereby abolished as to all contracts made after the effective date of this act. * * *."

Following this sentence it is provided:

"On and after the effective date of this Act all employers and employes, except those excluded by section 4 hereof, shall be subject to the provisions of the Workmen's Compensation Law, * * *."

Section 7 of the act provides:

"All accidental injuries or deaths of employees arising out of and in the course of their employment which have and will occur

under contracts of employment entered into prior to the effective date of this Act shall be governed by the Workmen's Compensation Law in force at the time of such injury or death notwithstanding any provision in this Act to the contrary."

Section 2 of the act provides for insurance, and § 3 provides that the liability of the employer under the act shall be exclusive of any other liability.

It is the contention of the respondent here, and it was the holding of a majority of the commission below, that these provisions of the act subsequent to the first two sentences of the first section indicate an intent on the part of the legislature to abrogate all prior elections made by employes as well as employers and regardless of such elections to subject all employers and employes to the provisions of the act of 1937. We do not so regard the act. The scope of the title as quoted above, as well as the first sentence of § 1, indicates a contrary intention on the part of the legislature. Quite obviously it was the legislative intent to avoid raising any constitutional question in regard to the applicability of the compulsory act to contracts previously made. Indeed the purpose of the legislature expressed in the title of the act would take the provisions relied upon by the respondent without the scope of the title if they were to be construed as they were construed by the majority of the industrial commission. We need go no further. It was not the intention of the legislature to abrogate elections made previous to the act, and the decision of the industrial commission must be reversed.

Reversed.