Everett HOGUE, Claimant, Respondent,

v.

Hugo WURDACK, Alleged Employer, and Employers' Liability Assurance Corporation, Ltd., Insurer, Appellants.

No. 7569.

Springfield Court of Appeals. Missouri.

Jan. 28, 1957.

Sherwood R. Volkman, St. Louis, for appellants.

Geo. F. Addison, L. Clark McNeill, Salem, for respondent.

STONE, Judge.

In this proceeding under the Workmen's Compensation Law (hereinafter referred to as "the Act") the Industrial Commission of Missouri (hereinafter called the Commission) awarded to Everett Hogue, the claimant, the aggregate sum of $7,770.75 for permanent partial disability, disfigurement and medical expense. On appeal by Hugo Wurdack, the alleged employer, and Employers' Liability Assurance Corporation, Ltd., his insurer (hereinafter jointly referred to as appellants), the cause has been transferred to us on the theory that, since a contingency exists under which appellants' liability might be terminated before payments aggregating more than $7,500 accrue, it cannot be said with certainty that the amount in dispute, independent of all contingencies, exceeds that sum. Hogue v. Wurdack, Mo., 292 S.W.2d 576; Section 287.230(2). (All statutory references herein are to RSMo 1949, V.A.M.S.)

Wurdack, a resident of St. Louis, Missouri, owned a farm of 1,156 acres in Crawford County. It was primarily a stock farm but "we raised our own grain also." On March 24, 1940, Hogue "took charge of the farm" for Wurdack, working first under an oral agreement and, after March 1, 1945, under a written agreement. On January 31, 1953, Hogue sustained severe injuries when, as he was mounting a trailer wheel, "the

rim blew off" and struck him across the face.

We deal first with appellants' contention that the relation between Wurdack and Hogue was that of landlord and tenant, and *not* that of employer and employee, and that, therefore, Hogue was not entitled to an award under the Act. Section 287.040(2). The written agreement of March 1, 1945, between Wurdack and Hogue recited that it "is between Everett Hogue, the tenant, and Hugo Wurdack, the owner, and is founded on the agreement for employment to operate the farms known as the Lennox Farm and the Ross Farm, situated near Cook Station, in Crawford County, Missouri." The "owner" was to "furnish land, animals, machinery and equipment, farm house, barns and other necessary buildings," as well as "necessary posts and wire for keeping the fences in repair." The "tenant" was to "furnish all labor (except threshing labor) necessary to farm the land, harvest the crop, tend the stock, cattle and hogs, maintain the fences, maintain the farm machinery and equipment (except skilled labor necessary to maintain such machinery and equipment), and all labor necessary for the upkeep and proper protection and operation of the property." The agreement then detailed what "the tenant is to receive as compensation for the above services," consisting, generally speaking, of (1) the right to use a house and garden, (2) the right to keep two cows, two hogs and thirty chickens, and (3) forty per cent of the net increase in stock and of the net profit from sale of products. The agreement was to "continue in effect until March 1, 1946, and then in periods of one year from March 1, 1946," with either party having the right to terminate at the end of any contract year upon prior written notice.

■■ In considering appellants' argument that references in the written agreement to Wurdack as "owner" and to Hogue as "tenant" evidenced a landlord-tenant

relationship, we bear in mind the commonplace but fundamental principles that, in arriving at a fair and reasonable construction of a contract of doubtful meaning, the court may consider the subject matter of the contract, the facts and circumstances attending execution thereof, and its interpretation by the parties [Gabel-Lockhart Co. v. Gabel, 360 Mo. 518, 229 S.W. 2d 539, 543(3); Paisley v. Lucas, 346 Mo. 827, 143 S.W.2d 262, 268(7)]; that, where the language of an agreement is not consistent throughout, the intention of the parties, as gathered from the entire instrument, must prevail over the strict letter of the contract [Kolb v. Golden Rule Baking Co., 222 Mo.App. 1068, 9 S.W.2d 840, 842(1); Ebbs v. Neff, 220 Mo.App. 1070, 282 S.W. 74, 77(4); Bent v. Alexander, 15 Mo.App. 181, 190(1)]; and, that greater regard is to be accorded to the clear intention of the parties than to any particular language used in attempting to express that intention. Veatch v. Black, 363 Mo. 190, 250 S.W.2d 501, 507; Truck Leasing Corp. v. Esquire Laundry & Dry Cleaning Co., Mo.App., 252 S.W.2d 108, 111(2); Stephenson v. Morrissey, Mo.App., 230 S.W.2d 124, 127. In short, the primary and cardinal rule, which permeates and pervades the entire field of contractual construction, is that the court should ascertain and (unless in conflict with some positive rule of law) then give effect to the intention of the parties. Cook v. Tide Water Associated Oil Co., Mo.App., 281 S.W.2d 415, 420(9).

■■ The agreement under consideration was couched in conflicting terminology. Notwithstanding the references to Wurdack as "owner" and Hogue as "tenant," the opening paragraph stated that the instrument was "founded on the *agreement for employment* to operate the farms"; and, significantly (as we are persuaded) it provided that Hogue "is to receive as *compensation for the above services*" forty per cent of the net profit and nowhere suggested that the sixty per cent retained by Wurdack was *rental* for the

farm. The transcript indicates that Wurdack collected all farm income and, from time to time, paid Hogue's percentage of the net profit to him; and, from the testimony of Hogue, the only witness offering any oral evidence relating to farming operations, we infer that Wurdack remained in actual control thereof. Furthermore, we are unable to find that Hogue possessed "an estate in the demised premises," which is an essential and distinguishing characteristic of the relationship of landlord and tenant. State ex rel. Shell Petroleum Corp. v. Hostetter, 348 Mo. 841, 849, 156 S.W.2d 673, 677. See also Marden v. Radford, 229 Mo.App. 789, 799, 84 S.W.2d 947, 954(6); Fisher v. Payton, Mo.App., 219 S.W.2d 293, 296(5); 51 C.J.S., Landlord and Tenant, § 6c, p. 514; Ibid., § 2b (3), p. 511. Our conclusion is that the finding of the Commission "that Everett Hogue was an employee of said employer (Wurdack)" was justified.

The other principal contention advanced by appellants is that Hogue was not entitled to an award because he was engaged in an exempted employment, i. e., farm labor, and was working for an exempted minor employer, who was not shown to have "(kept) posted in a conspicuous place on his premises a notice thereof to be furnished by the commission." Section 287.090(2). Although Wurdack admittedly filed with the Commission during June, 1931, notice of his election to accept the Act, and during July, 1934, his acceptance of the amendment relative to occupational diseases [Section 287.020(4)], there was no evidence as to whether the Commission furnished to Wurdack notices of such acceptances to be posted and maintained on his premises. The *only* testimony bearing upon whether notice of Wurdack's election to accept the Act had been "(kept) posted in a conspicuous place on his premises" [Section 287.090(2)] was Hogue's answer on cross-examination, *"I didn't see any."* Hogue was not asked, and the record does not indicate, whether prior to the accident of January 31, 1953, Hogue had *actual* notice of Wurdack's election to accept the Act.

To establish that an exempted employer has been brought within the Act, Section 287.090(2) plainly and unmistakably requires a showing of (1) "filing with the commission notice of his election to accept the same" and (2) "keeping posted in a conspicuous place on his premises a notice thereof to be furnished by the commission." Time and again, it has been pointed out in compensation proceedings that the General Assembly is presumed to have intended what it has stated directly and unambiguously and that the courts may not, under the guise of construction, add to or take from the clear and definite terms of a legislative enactment.[1] Thus, we must and do accept Section 287.090(2) as we find it, for "(w)here the terms defining the right of election in (workmen's compensation) statutes of this character are direct and definite, they admit of no gloss and require no commentary." Span v. Jackson-Walker Coal & Mining Co., 322 Mo. 158, 170, 16 S.W. 2d 190, 196. The wisdom of enactment of Section 287.090(2) was for the legislative mind and conscience, *not ours;* and, if this statute operates unjustly or (as we think) needs alteration, remedial and cor-

---

1. State ex rel. Mills v. Allen, 344 Mo. 743, 128 S.W.2d 1040, 1046(9); Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S.W.2d 130, 133(4); Zasslow v. Service Blue Print Company, Mo.App., 288 S.W.2d 377, 380(3); Schmitz v. Carr Trombley Mfg. Co., Mo.App., 139 S.W. 2d 1064, 1066(3); Reay v. Elmira Coal Co., 225 Mo.App. 102, 34 S.W.2d 1015, 1016–1017(2); Holmes v. Mack International Truck Co., 224 Mo.App. 427, 28 S.W.2d 446, 447. See also Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577, 582(12); Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, 931(20); State ex rel. Burgess v. Kemp, Mo.App., 274 S.W.2d 611, 614; Wright v. Pierson, 238 Mo.App. 1157, 195 S.W.2d 519, 523(5).

rective amendment is for the General Assembly, not the courts.[2]

■ Like other administrative bodies, our Industrial Commission "is a creature of the Legislature" [Soars v. Soars-Lovelace, Inc., 346 Mo. 710, 719, 142 S.W.2d 866, 871(8)], and its "jurisdiction * * and the question of what persons are subject to it, is to be determined from the acts of our Legislature." Morse v. Potosi Tie & Lumber Co., Mo., 130 S.W.2d 477, 478(3). In each of the Missouri cases[3] in which the posting of notices of election to accept [Section 287.090(2)] or to reject [Section 287.060] has been considered, it has been recognized or assumed that substantial compliance with the statutory provisions as to posting of such notices is essential to acceptance or rejection of the Act, as the case may be.[4] No Missouri case to the contrary has been cited or found. The numerous cases, in which injured workmen have sought to escape application of the Act in order that they might recover common-law damages, attest to the soundness of the observation that it is in the interest of employees as well as employers to require substantial

compliance with statutory requirements for acceptance of the Act, before permitting substitution of the strict but limited liability without fault under the Act for the liability based on fault under the common law. Benjamin v. Standard Acc. Ins. Co., 152 La. 874, 94 So. 428; Murray v. Strike, 76 Utah 118, 287 P. 922, 925.

■ In Brollier v. Van Alstine, 236 Mo.App. 1233, 163 S.W.2d 109, loc. cit. 112, the *only* case cited by claimant on the issue under discussion, the court thought that "there is substantial evidence to give rise to the inference that all formalities necessary for compliance with Section 3693, RSMo 1939 [now Section 287.090] were complied with, including the posting and maintenance of notices." Thus, the necessity of substantial compliance with the statutory requirements was not questioned or denied but, on the contrary, was recognized and said to have been satisfied. Analysis of the factual situation in the Brollier case, supra, and examination of the single case there cited, i. e., Paucher v. Enterprise Coal Mining Co., 182 Iowa 1084, *1087,* 164 N.W. 1035, *with particular reference to the local citation in the Iowa*

2. Sayles v. Kansas City Structural Steel Co., 344 Mo. 756, 128 S.W.2d 1046, 1054(18); State ex rel. Mills v. Allen, supra, 128 S.W.2d loc. cit. 1046(10); Crevisour v. Hendrix, 234 Mo.App. 1012, 136 S.W.2d 404, 410(8), 412(9); Reay v. Elmira Coal Co., supra, 34 S.W.2d loc. cit. 1017(3).

3. As to posting of notices of *acceptance,* see Brollier v. Van Alstine, 236 Mo.App. 1233, 163 S.W.2d 109, 112; State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1067; Cleveland v. Laclede-Christy Clay Products Co., Mo. App., 113 S.W.2d 1065, 1071. As to posting of notices of *rejection,* see Douglas v. Calvary Cemetery Ass'n, Mo.App., 222 S.W.2d 572; McClintock v. Skelly Oil Co., 232 Mo.App. 1204, 114 S.W.2d 181, 190 (16).

4. This is in accord with the overwhelming weight of authority elsewhere although cases from other states must be read with discrimination in the light of the statutory provisions in each instance in-

terpreted and applied. For cases dealing with *election to accept,* see O'Rourke v. Percy Vittum Co., 166 Minn. 251, 207 N.W. 636, 637(1); Keeney v. Beasman, 169 Md. 582, 182 A. 566, 103 A.L.R. 1515; McNeese Construction Company v. Harris, Ky., 273 S.W.2d 355, 357(3); McCune v. Wm. B. Pell & Bro., 192 Ky. 22, 232 S.W. 43; Dey v. Logan, 175 Va. 68, 7 S.E.2d 102; Benjamin v. Standard Acc. Ins. Co., 152 La. 874, 94 So. 428; Murray v. Strike, 76 Utah 118, 287 P. 922; McVey v. Chesapeake & Potomac Telephone Co., 106 W.Va. 331, 145 S.E. 578; Holland v. Stuckey, Tex.Civ.App., 282 S.W. 951. For cases dealing with *election to reject,* see Sechler v. Pastore, 103 Colo. 139, 84 P.2d 61; Walerius v. Foldesi, 206 Minn. 521, 289 N.W. 55, 57 (3); Troth v. Millville Bottle Works, 89 N.J.L. 219, 98 A. 435(1); Avre v. Sexton, 110 Neb. 149, 193 N.W. 342, 343; Beveridge v. Illinois Fuel Co., 283 Ill. 31, 119 N.E. 46, 47(3); Barnes v. Illinois Fuel Co., 283 Ill. 173, 119 N.E. 48.

*reports,* reveals that the above-quoted finding in the Brollier opinion was predicated primarily upon the fact that claimant had, prior to his accident, *actual* notice of the employer's election to accept the Act—a factor *sometimes* indicated, by obiter dictum in actions for common-law damages[5] or under a rule of the Commission promulgated pursuant to statutory authority,[6] as perhaps *sufficient to satisfy the requirement of notice,* and a factor *usually* found in reported cases of this character *from other states* in which liability has been imposed on the theory of *estoppel.*[7] It may be noted parenthetically that, *in Missouri,* jurisdiction of the Commission may not depend upon or be enlarged by estoppel, waiver, conduct or agreement.[8] When read in the light of the facts of that particular suit, as every reported opinion must be [State on Information of Dalton v. Miles Laboratories, Inc., Mo., 282 S.W.2d 564, 573(12), and cases there cited], the Brollier case, supra, is neither controlling nor persuasive authority in the instant proceeding, for the simple but substantial reason that the obviously-distinguishing factor of prior *actual* notice to the employee of the employer's election to accept the Act, on which the court leaned so heavily in the Brollier opinion, is not present in the case at bar.

■ Turning to the final award of the Commission in our case, we observe that, in their "additional findings of fact," the Commission thought that the parties were under the Act "by reason of the employer's having filed an acceptance of said law on June 24, 1931, * * * which acceptance was not withdrawn at any time," significantly ignoring the posting and maintenance of notice. But, assuming that a finding of substantial compliance with the statutory requirement as to notice was inherent in the *general* finding of the Commission that Wurdack had elected to accept the Act, our inquiry becomes whether the Commission's award is "supported by competent and substantial evidence upon the whole record" [Const. of Mo., Article V, Section 22, 2 V.A.M.S.], or, in other words, whether the Commission "could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it." Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649; Damore v. Encyclopedia Americana, Mo., 290 S.W.2d 105, 108.

■ Of course, a finding essential to recovery may be proved by circumstantial evidence; but, our appellate courts have said repeatedly that, in civil cases, the shown circumstances must be such that the facts necessary to support the finding may be inferred and reasonably must follow, that the existence of such facts may not depend upon guesswork, conjecture and speculation,[9] and that the evidence should have a tendency to exclude every reason-

5. Paucher v. Enterprise Coal Mining Co., 182 Iowa 1084, 1087, 164 N.W. 1035, 1036; McVey v. Chesapeake & Potomac Telephone Co., supra, 145 S.E. loc. cit. 580; Daniels v. Charles Boldt Co., 78 W.Va. 124, 88 S.E. 613, 615; Rosebear v. Anderson, D.C.N.D., 143 F.Supp. 721, 722.

6. Dey v. Logan, supra, 7 S.E.2d loc. cit. 103.

7. Garrison v. Bonfield, 57 N.M. 533, 260 P.2d 718, 721; L. E. Marks Company v. Moore, 251 Ky. 63, 64 S.W.2d 426; Ramey v. Broady, 209 Ky. 279, 272 S.W. 740; Travelers Ins. Co. v. Dudley, 180 Tenn. 191, 173 S.W.2d 142, 143; Herndon v. Slayton, 263 Ala. 677, 83 So.2d 726, 730(2); Ham v. Mullins Lumber

Co., 193 S.C. 66, 7 S.E.2d 712, 720–722. *Contrast* Keeney v. Beasman, supra, 182 A. loc. cit. 572 (11); McClary v. McClary, 274 Ky. 299, 118 S.W.2d 687, 688–689(3, 4); Smith Coal Co. v. Feltner, Ky., 260 S.W.2d 398.

8. Soars v. Soars-Lovelace Co., 346 Mo. 710, 142 S.W.2d 866, 871(9); Kelly v. Howard, 233 Mo.App. 474, 123 S.W.2d 584, 588(6). See also Morse v. Potosi Tie & Lumber Co., Mo., 130 S.W.2d 477, 478–479(2–4); Perrin v. American Theatrical Co., 352 Mo. 484, 178 S.W.2d 332, 334(4).

9. Bates v. Brown Shoe Co., 342 Mo. 411, 418, 116 S.W.2d 31, 33(1); Lappin v. Prebe, 345 Mo. 68, 131 S.W.2d 511, 513 (5); Schoen v. Plaza Express Co., Mo.,

able conclusion other than the one desired.[10] Although an inference need not be justified beyond all doubt and is not precluded by a mere possibility that the contrary may be true [Mauzy v. J. D. Carson Co., Mo.App., 189 S.W.2d 829, 833(4)], the law does not countenance the drawing of forced and violent inferences which do not arise from a reasonable interpretation of the facts actually shown;[11] and, where the evidence affords no more than equal support for either of two inconsistent and contradictory inferences as to the ultimate and determinative fact, liability is left in the field of conjecture and there is a failure of proof.[12]

■ The now trite principle that he, who asserts the applicability of the Act, has the burden of so proving, has been recognized in numerous Missouri cases[13] and with respect to various contested issues,[14] including that as to whether the employer is within the Act [Smith v. Grace, 237 Mo.App. 91, 106, 159 S.W.2d 383, 391–392 (14); Crevisour v. Hendrix, 234 Mo.App. 1012, 1025, 136 S.W.2d 404, 412(10)]; and, in the instant case, the burden of proving

substantial compliance with the statutory requirements stated in Section 287.090(2), upon which applicability of the Act here depends, clearly rested upon claimant Hogue.

■ Although Hogue's testimony that he had seen no notices on the Wurdack farm was so-called negative evidence, *nevertheless it was the only evidence on this subject* [contrast Douglas v. Calvary Cemetery Ass'n, Mo.App., 222 S.W.2d 572] and certainly it afforded no basis for an inference directly to the contrary. Dugan v. Rippee, Mo.App., 278 S.W.2d 812, 816. By indulging the presumption of right acting and reasonable performance of official duties by the Commission [State ex rel. and to Use of City of St. Louis v. Priest, 348 Mo. 37, 152 S.W.2d 109, 112(5); State ex rel. Missouri State Life Ins. Co. v. Hall, 330 Mo. 1107, 52 S.W.2d 174, 178(8)], it might be inferred that notice was "furnished by the commission" [Section 287.090(2)] to Wurdack at *"Railway Exchange Building, St. Louis, Mo.,"* his address as shown in the form filed by him with the Commission. But, in the teeth of the uncontradict-

---

206 S.W.2d 536, 538(2); Brawley v. Esterly, Mo., 267 S.W.2d 655, 659(3–5); Vinson v. East Texas Motor Freight Lines, Mo., 280 S.W.2d 124, 129(1).

10. Dugan v. Rippee, Mo.App., 278 S.W.2d 812, 815(3); Dittmeier v. Missouri Real Estate Commission, Mo.App., 237 S.W. 2d 201, 206(6); Bowers v. Columbia Terminals Co., Mo.App., 213 S.W.2d 663, 670(8, 9).

11. Krause v. Laverne Park Ass'n, Mo. App., 240 S.W.2d 724, 727(6); Sigmund v. Lowes, Mo.App., 236 S.W.2d 14, 18 (16); Douglas v. National Life & Accident Ins. Co. of Nashville, Tenn., 236 Mo. App. 467, 155 S.W.2d 267, 272(7).

12. Muesenfechter v. St. Louis Car Co., Mo. App., 139 S.W.2d 1102, 1106(8); Lappin v. Prebe, supra, 131 S.W.2d loc. cit. 513(4); Sigmund v. Lowes, supra, 236 S.W.2d loc. cit. 17(10); Bowers v. Columbia Terminals Co., supra, 213 S.W. 2d loc. cit. 670(10).

13. Kemper v. Gluck, 327 Mo. 733, 39 S.W. 2d 330, 333(5), certiorari denied 284 U.S.

649, 52 S.Ct. 29, 76 L.Ed. 551; McCaleb v. Greer, 241 Mo.App. 736, 267 S.W.2d 54, 59(3); Wilkerson v. Potashnick, Mo. App., 226 S.W.2d 402, 403(1); Kelsall v. Riss & Co., Mo.App., 165 S.W.2d 329, 333(9); Pfitzinger to Use of Stotscky v. Shell Pipe Line Corp., 226 Mo.App. 861, 46 S.W.2d 955, 957(1). See also Sanderson v. Producers Commission Ass'n, 360 Mo. 571, 229 S.W.2d 563, 566(3).

14. Burden is on claimant generally "to bring himself under the provisions of the * * * Law at the time and place of the accident" [O'Neil v. Fred Evens Motor Sales Co., Mo.App., 160 S.W.2d 775, 778(4)], and more specifically (when a contested issue) to show a Missouri contract of employment [Rendleman v. East Texas Motor Freight Lines, 355 Mo. 287, 196 S.W.2d 171, 174(5); Smith v. Braudis, 234 Mo.App. 1237, 123 S.W.2d 223 (2); Murray v. Braudis, Mo.App., 123 S.W.2d 241, 242(3)], or to establish every element of statutory employment required by Section 287.040. Grauf v. City of Salem, Mo.App., 283 S.W.2d 14, 18(8).

ed testimony of *claimant,* who had lived on the Wurdack farm for thirteen years prior to his accident, that he had seen no posted notices on the farm, we think that it would, indeed, be within the forbidden pale of "attenuated reasoning"[15] to pile on the further inference that Wurdack "(kept) posted in a conspicuous place" [Section 287.090(2)] on his farm in Crawford County, Missouri, the notice of election to accept the Act which, as we have inferred, was sent to him in St. Louis. Neither the mere showing that Wurdack procured insurance protection at a time not fixed in the record and under a policy not offered in evidence,[16] nor the fact (if so) that Wurdack intended to operate under the Act and thought that he was so operating,[17] would establish the Commission's disputed jurisdiction.

■■■ If, as we are forced to conclude, a finding of substantial compliance with the statutory requirements for acceptance of the Act otherwise is not supported upon the whole record before us, such substantial compliance may not be inferred from Wurdack's failure to testify on this subject. For, no duty rested upon Wurdack to speak until claimant had introduced evidence which, unexplained, made a case;[18] and, *even if* we might infer from Wurdack's silence that his testimony would have been unfavorable to his defense, such inference would not shift the burden of proof or supply the missing link in claimant's case.[19]

■■■ We heartily endorse the statutory injunction that the Act "shall be liberally construed with a view to the public welfare and a substantial compliance therewith shall be sufficient" [Section 287.800]; but, this rule of liberal construction does not authorize allowance of a claim lacking an essential element required by law,[20] nor an award resting only on speculation, sur-

15. Wills v. Berberich's Delivery Co., 345 Mo. 616, 134 S.W.2d 125, 129(3); Van Brock v. First Nat. Bank in St. Louis, 349 Mo. 425, 161 S.W.2d 258, 261; Winters v. Terminal R. Ass'n of St. Louis, 363 Mo. 606, 252 S.W.2d 380, 385.

16. Compare Morse v. Potosi Tie & Lumber Co., supra, 130 S.W.2d loc. cit. 478 (2, 3); Soars v. Soars-Lovelace, Inc., supra, 142 S.W.2d loc. cit. 870–871. See particularly Keeney v. Beasman, supra, 182 A. loc. cit. 571–572(8, 9, 11). Consult also Fields v. General Casualty Co. of America, 216 La. 940, 45 So.2d 85, 88 (8); Davis v. W. T. Grant Co., 88 N.H. 204, 185 A. 889, 893(15); Rugg v. Norwich Hospital Ass'n, 205 App.Div. 174, 199 N.Y.S. 735, 737(4); Daniels v. Charles Boldt Co., supra, 88 S.E. loc. cit. 615(2). *Contrast* cases decided under workmen's compensation acts (usually after liberalizing amendment) providing, in effect, that the procuring of valid insurance coverage constitutes an election to accept or assumption of liability—Berger v. Church of St. Patrick, 212 Minn. 345, 3 N.W.2d 590, 592; Heal v. Adams, 197 Wis. 95, 221 N.W. 389; Hillman v. Eighmy, 190 Wis. 196, 208 N.W. 928; National Bank of Tulsa Building v. Goldsmith, 204 Okl. 45, 226 P.2d 916; Garrison v. Bonfield, supra, 260 P.2d loc. cit. 721; Congressional Country Club, Inc., v. Baltimore & Ohio R. Co., 194 Md. 533, 71 A.2d 696, 699; Calvert v. Illinois Power & Light Corp., 291 Ill.App. 243, 9 N.E.2d 443, 448.

17. McNeese Construction Company v. Harris, supra, 273 S.W.2d loc. cit. 357 (3). See also cases cited in footnote 8, supra.

18. Talley v. Richart, 353 Mo. 912, 185 S.W. 2d 23, 27(9, 11); Rissell v. St. Louis-San Francisco Ry. Co., 336 Mo. 845, 81 S.W. 2d 621, 623; Shidloski v. New York, C. & St. L. R. Co., 333 Mo. 1134, 64 S.W.2d 259, 264; Frohman v. Lowenstein, 303 Mo. 339, 260 S.W. 460, 466(9); Bahl v. Miles, 222 Mo.App. 984, 6 S.W.2d 661, 664(8, 9); Wigmore on Evidence (3rd Ed.), Vol. II, Section 290, loc. cit. 179; 31 C.J.S., Evidence, § 156a, loc. cit. 849–850; Ibid., § 156d, loc. cit. 862.

19. Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889, 901(24); Guthrie v. Gillespie, 319 Mo. 1137, 6 S.W.2d 886, 889(5); Maddux v. Gardner, 239 Mo.App. 289, 192 S.W.2d 14, 20(12); 20 Am.Jur., Evidence, Section 193, p. 195; 31 C.J.S., Evidence, § 156a, loc. cit. 851; annotation 70 A.L.R. 1326.

20. Finerson v. Century Electric Co., Mo., 227 S.W.2d 740, 745(6); Mershon v. Missouri Public Service Corp., 359 Mo. 257, 221 S.W.2d 165, 167(1); Long v. Schultz Shoe Co., Mo.App., 257 S.W.2d

mise and conjecture.[21] On the record here presented, we are unable to escape the conclusion that "(o)ne guess is as good as another" [Scott v. Terminal Railroad Ass'n of St. Louis, Mo., 291 S.W.2d 859, 863] as to whether there was substantial compliance with the requirements of Section 287.090(2), and that the award to claimant cannot stand "(u)nless * * * sympathy for this unhappy man, which we admit, be allowed to press our judgment beyond the utmost known fringe of the law, as declared in this jurisdiction" [Williams v. Kansas City Southern Ry. Co., 257 Mo. 87, 116, 165 S.W. 788, 796, 52 L.R.A.,N.S., 443], and to blind us to the "virtue and truth in the maxim that 'hard cases are the quicksands of the law.' " Metropolitan Nat. Bank of Kansas City, Mo. v. Campbell Commission Co., C.C.Mo., 77 F. 705, 710. See also Broom's Legal Maxims (8th Ed.), p. 123. However, it being apparent that the claim is meritorious and that all available evidence bearing upon the posting and maintenance of notices was not developed at the prior hearing, the cause should be remanded for rehearing rather than reversed outright. Buecker v. Roberts, Mo.App., 200 S.W.2d 529, 533(5); Smith v. National Lead Co., Mo.App., 228 S.W.2d 407, 413(6).

Since the case is to be retried, it becomes appropriate to comment that the *amended* claim, filed more than one year after the date of accident [Section 287.430], did not set up a new cause of action for different injuries but simply amplified and perfected the original claim. Ford v. American Brake Shoe Co., Mo.App., 252 S.W.2d 649, 652(4–6).

It is the order and judgment of this court that the judgment of the circuit court affirming the award of the Commission be set aside and for naught held, and that the

cause be remanded to the circuit court with directions to enter judgment setting aside the award of the Commission and remanding the cause to the Commission for further proceedings not inconsistent with this opinion.

McDOWELL, P. J., and RUARK, J., concur.

---

211, 214(6); Stamps v. Century Electric Co., Mo.App., 225 S.W.2d 493, 498; Stout v. Sterling Aluminum Products Co., Mo.App., 213 S.W.2d 244, 246(3); Tucker v. Daniel Hamm Drayage Co., Mo. App., 171 S.W.2d 781, 787(5).

21. Smith v. Grace, 237 Mo.App. 91, 159 S.W.2d 383, 392(16); Stapleton v. Gunn, Mo.App., 69 S.W.2d 1104, 1105(1); Jackson v. Aetna Bricklaying & Construction Co., Mo.App., 59 S.W.2d 705, 707–708(5, 6); Allison v. Eyermann Const. Co., Mo.App., 43 S.W.2d 1063, 1064(1).