## THE DODSON FRUIT COMPANY v. WILLIAM GALANTER.[1]

### April 9, 1920.

### No. 21,697.

**Sale — warranty of condition of fruit — issue litigated by consent — relief granted.**

1. The findings of the trial court upon an issue not made by the pleadings, but litigated by the consent of the parties, *held* sustained by the evidence, and to entitle defendant to the relief granted by the court.

[1]Reported in 177 N. W. 362.

**Same — action for breach of warranty — proof of intentional fraud.**
> 2. In an action for damages for the breach of an alleged warranty
> as to the condition of property, the subject matter of the transaction,
> a showing of intentional fraud and deceit is not necessary.

Action in the district court for Hennepin county to recover $112 for merchandise sold and delivered. Defendant offered judgment for $80. The case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiff for $80, and in favor of defendant for costs subsequent to offer of judgment. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Donohue & Quigley* and *Robert M. Works,* for appellant.

*Frank Tolman,* for respondent.

BROWN, C. J.

The complaint in this action alleged that on January 28, 1919, defendant was indebted to plaintiff in the sum of $112, on account of merchandise theretofore sold and delivered to him, for which amount with interest judgment was demanded. Defendant interposed an answer, denying that he was indebted to plaintiff in any sum in excess of $80, for which he tendered judgment. Plaintiff declined to accept the tender, and the cause came on for trial upon the issue thus presented and was tried without a jury. The court made findings of fact and thereon awarded judgment for plaintiff for the amount tendered by defendant, with costs up to the date of the tender; costs accruing thereafter were given to defendant. Plaintiff moved for a new trial on the ground that the court erred in reducing its claim from $112 to $80, a reduction of $32, and appealed from an order denying the same.

It appears that the merchandise which plaintiff sold to defendant, the subject matter of the action, consisted of 50 boxes of apples. The real controversy between the parties centered around a claim by defendant that, at the time of the transaction, plaintiff represented the apples to be in sound condition and would keep for the spring trade—the purchase having been made in the fall of 1918, that the representation was not true, and that by reason of the poor quality or condition of the apples many of them became rotten and unfit for use prior to the holidays,

reducing the value of the lot in the sum of $40. The defective and alleged poor condition of the apples was disputed by plaintiff and its agent who made the sale. The claim of defendant in this respect was not pleaded in the answer, but at the trial that fact was disregarded by the parties, and the controversy thus presented voluntarily litigated without formal pleadings on the subject. In that situation defendant was entitled to such relief as the evidence would justify. Bassett v. Haren, 61 Minn. 346, 63 N. W. 713. The trial court found the facts in favor of defendant, and in effect that there was a breach of the claimed warranty, and judgment was given accordingly, the measure of defendant's damage being fixed at $32. Whether the evidence sustains the findings is the principal question on the appeal.

The evidence tending to show the warranty or representations as to the condition and quality of the apples was presented on the trial in a disjointed way, and the record is not so clear upon the subject as it might have been made. But a careful review of the whole record brings to light enough to justify and sustain the findings. A discussion of the evidence would serve no useful purpose. It is sufficient to say that we have examined it with the result stated. It clearly shows a reliance on the representations, for defendant testified that he would not otherwise have made the purchase. A showing of intentional fraud or deceit was not necessary. Wilson v. Fuller, 58 Minn. 149, 59 N. W. 988; Brown v. Doyle, 69 Minn. 543, 72 N. W. 814.

The matter of costs of suit was properly disposed of by the order for judgment. The contention to the contrary is founded upon what appears with reasonable clearness, taking the findings as a whole, to have been a miscalculation by the trial judge in deducting certain conceded credits from the amount of plaintiff's claim—an error of fifty cents.

This covers the case. We discover no sufficient reason for interference, and the order appealed from will be affirmed, but without statutory costs.

It is so ordered.