### E. LUTHER MELIN v. FREDERICK J. RYAN AND ANOTHER.[1]

June 23, 1933.

No. 29,427.

*E. Luther Melin*, pro se.
There was no appearance made or brief filed on behalf of respondents in this court.

*PER CURIAM.*

Plaintiff appeals from a judgment.

Defendants are husband and wife. In a divorce action brought by the husband the wife retained plaintiff to conduct her defense, agreeing to pay him therefor the sum of $200. She paid $25. The wife also agreed that plaintiff should receive and credit on the agreed price such sum as the court might by its order require the husband to pay. The husband so paid $25. This action is to recover from both the husband and wife the balance of $150, with interest and costs. The court ordered judgment in favor of plaintiff against the wife for the amount asked. Plaintiff made a motion to revise and modify the conclusions of law to read: "That the plaintiff herein is entitled to judgment against both of the defendants * * *." The motion was denied. From a judgment entered pursuant to the first order this appeal is taken.

The findings of fact in the instant case recite the circumstances of the divorce litigation, plaintiff's services rendered therein, that the agreed price was reasonable therefor, that the parties in the divorce case became reconciled and resumed marital relations, and that the divorce action was dismissed. Plaintiff's position here is that as the service of an attorney for the wife was a necessity he was entitled to have judgment against the husband as well as the wife for the amount sued for. His position is unten-

[1]Reported in 249 N. W. 194.

able. Pursuant to 2 Mason Minn. St. 1927, § 8593, authorizing the court to allow, within its discretion, attorney's fees to the wife, the court in the divorce action ordered the husband to pay $25. This he paid. No further order was made. It does not appear that any application was made for more suit money. Plaintiff cannot under the guise of the husband's liability for necessities furnished the wife recover in this action.

Affirmed.