MARTIN F. GRILL v. DANIEL BLAKEBOROUGH.[1]

June 23, 1933.

No. 29,480.

*John B. Barker*, for appellant.
*Melvin, Brown & Sherman* and *Howard C. Relf*, for respondent.

*HILTON, Justice.*

Defendant appeals from an order taxing costs against him and denying his motion for taxation of costs against plaintiff.

Plaintiff sued to recover $131.23, interest, costs, and disbursements. Defendant's answer admitted an indebtedness in the sum of $61 and no more, "which sum is hereby tendered to plaintiff in full settlement of the claim or pretended claim herein sued upon." In the prayer for relief defendant prayed that plaintiff have and recover the sum of $61 and no more and that defendant have his costs and disbursements. On November 18, 1932, the court found

[1]Reported in 249 N. W. 194.

that defendant was indebted to plaintiff in the sum of $61 and that no part of the same had been paid, and ordered judgment in favor of plaintiff for that amount with interest thereon from December 13, 1931, together with plaintiff's costs and disbursements. Costs and disbursements were taxed at $23.76.

Defendant claims that he was the prevailing party and under the statute should be allowed to tax costs and disbursements. The claim is unsound. Defendant in his answer tendered only the sum of $61. The court ordered judgment for that amount with about one year's interest and costs and disbursements incurred. Neither 2 Mason Minn. St. 1927, § 9323 nor § 9481, relative to offer of judgment and tender of payment, was complied with. However, in Watkins v. W. E. Neiler Co. 135 Minn. 343, 160 N. W. 864, it was held that an offer of judgment contained in an answer was as sufficient as one contained in any other writing or notice served upon plaintiff. In it the tender made in defendant's answer included accrued costs. In the instant case neither interest nor costs were tendered. In Dodson Fruit Co. v. Galanter, 145 Minn. 319, 177 N. W. 362, cited by defendant, the tender made in the answer included accrued costs; plaintiff recovered the amount tendered with interest and costs accrued to date of tender; defendant was awarded his costs incurred subsequent to the tender, which award was confirmed here on plaintiff's appeal. See Beacon Lamp Co. v. Lombard, 165 Minn. 480, 205 N. W. 889. Other cases cited by defendant in which the tender included accrued costs are not at all helpful to him. Plaintiff, having recovered more than the amount tendered in the answer, was the prevailing party and entitled to tax costs and disbursements.

Affirmed.