Michael L. **HODGIN, Relator,**

v.

**FORD MOTOR COMPANY,**
self-insured, **Respondent.**

No. C3–83–72.

Supreme Court of Minnesota.

Dec. 30, 1983.

Mark G. Olive, Minneapolis, for relator.

Stephen P. Kelley, Minneapolis, for respondent.

KELLEY, Justice.

Relator appeals from an order of the Workers' Compensation Court of Appeals denying taxation of disbursements incurred by relator in this action both before the compensation judge and on appeal before the Workers' Compensation Court of Ap-

peals. We conclude the Workers' Compensation Court of Appeals properly denied disbursements in connection with the appeal. We further conclude that relator was entitled to tax actual and necessary disbursements incurred in connection with the claim on which he prevailed before the compensation judge. Because the compensation judge has not made findings determining what those actual and necessary disbursements were, we reverse and remand for such determination.

Michael L. Hodgin, relator, claimed that he was injured in the course of his employment with Ford Motor Company (Ford) in November 1978. He subsequently filed a claim petition alleging 15% permanent partial injury to the spine. In January 1981, Hodgin and Ford entered into a stipulation for settlement of the claim up to January 25, 1981. In that stipulation Ford denied all liability. Subsequently, Hodgin filed this petition claiming temporary total and temporary partial disability after January 26, 1981, and continuing.[1] The compensation judge found that Hodgin was not temporarily totally or partially disabled after January 26, 1981. However, the compensation judge awarded Hodgin medical expenses in the amount of $1,367.48 for costs incurred prior to November 30, 1981. Hodgin was also awarded his "statutory costs and disbursements."[2]

Hodgin appealed the compensation judge's findings of fact, conclusions of law and order to the Workers' Compensation Court of Appeals. In that appeal he challenged only those findings of fact and conclusions of law that resulted in the denial of his claim for temporary total and temporary partial disability. The Workers' Compensation Court of Appeals determined that the findings of fact, conclusions of law and order of the compensation judge were "in all things affirmed."

Hodgin then applied to the Workers' Compensation Court of Appeals for taxation of actual and necessary disbursements. Most of the claimed disbursements had been incurred in connection with the hearing before the compensation judge, and most of them appeared to have been incurred in connection with the temporary total and temporary partial disability claims. The Workers' Compensation Court of Appeals denied the application because it was of the opinion the employee was not the "prevailing party." Minn.Stat. § 176.511, subd. 2 (1982).

1. On appeal to this court, Hodgin challenges only the order of the Workers' Compensation Court of Appeals denying taxation of disbursements. First, he claims that the Workers' Compensation Court of Appeals did not have statutory authority to deny taxation of disbursements previously awarded by the compensation judge. Hodgin claims that he only appealed a portion of the compensation judge's order—that part resulting in denial of the claim for temporary total or temporary partial disability—and therefore, pursuant to Minn.Stat. § 176.441, subd. 1(3) (1982),[3] the Workers' Compensation Court of Appeals did not have statutory authority to deny his claim for disbursements.

■ Respondent, relying on Minn.Stat. § 176.421, subd. 6(1) and (3) (1982), con-

---

1. Actually, the relator filed an objection to discontinuance of compensation benefits. The filing of an objection to discontinuance was improper. The nature of the proceeding was not discontinuance but a new claim for benefits after the date of the stipulated settlement. The compensation judge properly treated the objection to discontinuance as an employee claim petition, placing the burden of proof on the employee.

2. We note that Minn.Stat. ch. 176 (1982) provides for no allowance of "statutory costs."

3. Minn.Stat. § 176.441, subd. 1(3) (1982), insofar as applicable, reads as follows:

Subdivision 1. Disposition by workers' compensation court of appeals. Where an appeal has been taken to the workers' compensation court of appeals under this chapter, on either the ground that the findings or order or both were unwarranted by the evidence, or were procured by fraud, coercion, or other improper conduct of a party, the workers' compensation court of appeals may:

    \*   \*   \*   \*   \*   \*

(3) sustain, reverse, or modify the order appealed from.

tends that the Workers' Compensation Court of Appeals has broad authority on appeal to review the entire findings of fact, conclusions of law and order of the compensation judge, and it may substitute its judgment on disbursements for that of the compensation judge.[4] The review authorized by subdivision 6 is extensive. The Workers' Compensation Court of Appeals is authorized to disregard or substitute its own findings for that of the compensation judge or to make such other order as the facts require. Originally, the Workers' Compensation Court of Appeals affirmed the compensation judge entirely, but under Minn.Stat. § 176.421, subd. 6(4) (1982), it has the power to make such "other order as the facts and findings require." *See Gerhardt v. Welch*, 267 Minn. 206, 209, 125 N.W.2d 721, 723 (1964); *Hartman v. Cold Spring Granite Co.*, 243 Minn. 264, 272, 67 N.W.2d 656, 660 (1954); *Simpson v. Gold*, 221 Minn. 528, 530, 22 N.W.2d 923, 924 (1946); *Walerius v. Foldesi*, 206 Minn. 521, 524, 289 N.W. 55, 57 (1939). We hold that on appeal the Workers' Compensation Court of Appeals has statutory authority to allow or disallow disbursements incurred in the proceedings before both the compensation judge and the court of appeals.

■ 2. We must next determine whether the Workers' Compensation Court of Appeals correctly determined that Hodgin was not the "prevailing party." Hodgin claims that since the compensation judge awarded certain medical expenses to be paid he was the "prevailing party." He relies upon *Grill v. Blakeborough*, 189 Minn. 354, 249 N.W. 194 (1933), where this court held that a "prevailing party" is one who recovers more than the amount tendered by defendant's answer. We note, however, that *Grill* was not a workers' compensation case. Even if the *Grill* definition of "prevailing party" is applicable in construing Minn.Stat. § 176.511, subd. 2

(1982), it is clear that the Workers' Compensation Court of Appeals was correct in disallowing appeal disbursements because Hodgin's appeal to that court was unsuccessful in all respects. *See, e.g., Smith v. Mickey's Diner*, 24 Minn.W.Comp.Dec. 610 (1968).

■ 3. Hodgin, however, contends that before the compensation judge he was the prevailing party. He relies on the rule stated in *Haugland v. Canton*, 250 Minn. 245, 84 N.W.2d 274 (1957) (taxation of disbursements in favor of prevailing party in district court). This court in *Haugland* concluded that a prevailing party in district court is one "who has, in the view of the law, succeeded in the action." *Id.* at 254, 84 N.W.2d at 280, (quoting 20 C.J.S. *Costs* § 8 (1940)). The main issue before the compensation judge was Hodgin's entitlement to temporary disability after January 25, 1981. Before neither the compensation judge nor the Workers' Compensation Court of Appeals did Hodgin prevail on that main issue. In our view section 176.-511, subd. 2, does not contemplate the imposition of liability for disbursements incurred by the losing party upon the party who prevailed on the main issue—especially, as here, where the major portion of the incurred disbursements related to that issue. On the other hand, we do not accept respondent's contention that a party who prevailed on one issue is to be deprived of all disbursements, including those related to the issue on which he prevailed.

■ The statute reads that the prevailing party is entitled to actual and necessary disbursements. That implies that he is entitled to those actual and necessary disbursements incurred in successfully pursuing the issue upon which he prevailed.

Since neither the compensation judge nor the Workers' Compensation Court of Appeals has determined which of the proposed

**4.** This subdivision, in part, allows the Workers' Compensation Court of Appeals to:

(1) disregard the findings of fact which the compensation judge has made;

\* \* \* \* \* \*

(3) substitute for the findings of fact made by the compensation judge such findings as the total evidence requires; and

(4) make an award or disallowance of compensation *or other order* as the facts and findings require. (emphasis added)

taxation of disbursements relate to the medical expense claim on which Hodgin prevailed, we remand the case to the Workers' Compensation Court of Appeals for determination of those actual and necessary disbursements. On appeal to this court, Hodgin is the prevailing party. Accordingly, he is entitled to tax costs and disbursements of this appeal plus attorney fees in the amount of $400.

Reversed and remanded.