**Brian KUSNIRYK, Respondent,**

v.

**ARROWHEAD REGIONAL CORRECTIONS BOARD, et al., Appellants.**

**No. C3-87-923.**

Court of Appeals of Minnesota.

Oct. 6, 1987.

Carol M. Person, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for respondent.

James A. Wade, Johnson, Killen, Thibodeau & Seiler, P.A., Duluth, for appellants.

Heard, considered and decided by RANDALL, P.J., and LANSING and MULALLY *, JJ.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

LANSING, Judge.

This appeal raises a narrow issue on the taxation of costs and disbursements in a personal injury action. We affirm.

## FACTS

Brian Kusniryk, an inmate at Northeast Regional Corrections Center (NERCC), brought a negligence action against NERCC and Arrowhead Regional Corrections Board (ARCB) for injuries he suffered when struck by a branch while on a work crew. The parties exchanged written settlement proposals; ARCB offered $3,000 and Kusniryk agreed to accept $10,-000. Neither offer referred to costs and disbursements. They were unable to compromise, and the case was tried to a jury. The jury found Kusniryk and NERCC each 50 percent negligent.

Kusniryk filed a notice for taxation of costs under Minn.R.Civ.P. 54.04 and Minn. Stat. § 549.04. NERCC and ARCB did not file a notice for taxation of costs, but hand-delivered a letter to the trial court requesting costs and disbursements as a prevailing party under Minn.Stat. § 549.04 and Minn. R.Civ.P. 68. The trial court ruled that Kusniryk was the prevailing party and entered judgment in his favor for $2,187.61 plus costs and disbursements of $2,241.42.

The trial court stated in a memorandum attached to its order that Minn.R.Civ.P. 68 did not apply because ARCB had not made an offer within the meaning of rule 68 because there was no mention of costs and disbursements. This appeal followed.

## ISSUES

1. Did the court err in finding that Minn.R.Civ.P. 68 did not govern the award of costs and disbursements in this action?

2. Did the trial court err in finding respondent the prevailing party under Minn. Stat. § 549.04?

## ANALYSIS

### I

■ The primary question in this case is whether the parties' timely pretrial settlement offer sufficiently complied with the requirements of Minn.R.Civ.P. 68 to shift to Kusniryk the obligation of paying the costs after receipt of the offer.

Rule 68 provides:

> *At any time prior to ten days before the trial begins, any party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer or to pay or accept a specified sum of money, with costs and disbursements then accrued, either as to the claim of the offering party against the adverse party or as to the claim of the adverse party against the offering party.* * * * *If the judgment finally entered is not more favorable to the offeree than the offer, the offeree must pay the offeror's costs and disbursements.*

Minn.R.Civ.P. 68 (emphasis added).

The predecessor statutes to rule 68, most recently codified as Minn.Stat. §§ 546.-40–.41, similarly shifted costs if the ultimate judgment was not more favorable than an offer to allow judgment or pay a specified sum, with accrued costs.

In *Grill v. Blakeborough,* 189 Minn. 354, 249 N.W. 194 (1933), the Minnesota Supreme Court ruled that an offer of a specific amount which did not also tender costs did not comply with the statute so as to shift costs to the offeree or make the offeror the prevailing party. We find no difference between the predecessor and current rule 68 which would diminish the authority of *Grill.*

Although not cited or relied on by the parties, a case recently decided by the United States Supreme Court, *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), considered the policy and interpretation of Fed.R.Civ.P. 68, which is similar to the Minnesota rule. In *Marek* the Court stated that an offer need not include provision for costs in order to fall under Federal Rule 68.

Although it is desirable to interpret state rules of procedure in accordance with the construction given to similar federal rules,

we note that the court's statement in *Marek* is dicta. The offer in that case expressly ·included costs, and the question before the Court was whether a rule 68 offer must itemize which portions represented costs and which represented damages. The court reasoned that the specific components of an offer were not as significant as certainty in the amount of the judgment which would be entered based on the offer. Thus, if the offer did not state whether it included costs, the costs would automatically be added to the judgment over and above the amount of the offer. In other words, offers would be presumed exclusive of costs unless they expressly stated otherwise. Although such a liberal interpretation of the rule might arguably promote the goal of settlement, it is questionable whether it will promote certainty in settlement negotiations.

This potential uncertainty is aptly demonstrated by the case before us. The attorney for NERCC and ARCB stated that while "the offer may have been better stated as $3,000 *costs and disbursements inclusive,* that was clearly the understanding" (emphasis added). Under *Marek,* that understanding would have been incorrect, and the opposite would have obtained.

Minnesota commentators include the requirement that a rule 68 offer make general reference to costs and disbursements:

> The requirements for making an offer of settlement are simple. The offer must be made in writing, and must be served upon the adverse party. The offer should be phrased to allow the adverse party either to accept, thereby forming a binding contract for settlement or to take judgment against the offering party for a certain sum together with costs and disbursements then accrued. The dollar amount of the offer must be specified, and the costs and disbursements should be specified in general terms.

D. Herr & R. Haydock, 2A *Minnesota Practice* § 68.4, at 494 (1985).

Based on *Grill v. Blakeborough* and the reasoning which supports its holding, we conclude that the trial court did not err in determining that the settlement offers were insufficient to trigger the application of rule 68.

## II

■ ARCB and NERCC also argue that they are entitled to costs and disbursements as the "prevailing party" under Minn.Stat. § 549.04 because their settlement offer of $3,000 exceeded the trial court's judgment of $2,187.61 and the judgment did not approach Kusniryk's demand of $10,000.

Minnesota statutes provide, in relevant part:

> In every action in a district court, *the prevailing party * * * shall be allowed reasonable disbursements paid or incurred, including fees and mileage paid for service of process by the sheriff or by a private person.

Minn.Stat. § 549.04 (1986) (emphasis added).

A trial court has discretion in determining the prevailing party under the statute. *Matter of Gershcow's Will,* 261 N.W.2d 335 (Minn.1977); *Reichert v. Union Fidelity Life Insurance Co.,* 360 N.W.2d 664 (Minn. Ct.App.1985). We do not accept the argument of NERCC and ARCB that a party cannot be the prevailing party unless that party recovers the amount of his initial demand. At trial NERCC and ARCB claimed that Kusniryk was entitled to nothing and strongly disputed his allegations of negligence. The jury disagreed and awarded Kusniryk damages. In these circumstances, the trial court properly exercised its discretion in determining that Kusniryk was the prevailing party under Minn.Stat. § 549.04.

## DECISION

Affirmed.