**Gregory A. TROHOSKE and Erie Insurance Exchange, Plaintiffs,**

v.

**McDONOUGH POWER EQUIPMENT COMPANY and Snapper Power Equipment, Division of Fuqua Industries, Inc., Defendants.**

**Civ. A. No. 86–196 ERIE.**

United States District Court,
W.D. Pennsylvania.

Jan. 14, 1988.

Order Jan. 21, 1988.

S.E. Riley, MacDonald Illig Jones & Britton, Erie, Pa., for plaintiffs.

Eric N. Anderson, Meyer Darragh Buckler Bebenek & Eck, Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

GERALD J. WEBER, District Judge.

Upon the conclusion of the liability phase of the bifurcated trial in this product liability action, the jury returned a verdict in favor of the defendants. They now petition this Court for an award of costs pursuant to Fed.R.Civ.P. 68. Plaintiffs have filed a motion to strike defendants' petition along with a supporting brief.

Rule 68 provides that "at any time more than 10 days before the trial begins, [defendant] may serve upon [plaintiff] an offer to allow judgment to be taken against him for the money or the property or to the effect specified in his offer, with costs then accrued." If that offer is not accepted, and the judgment finally obtained by the plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred after the making of the offer.

Eleven days before the commencement of trial in this case, in conformity with Rule 68, counsel for defendants served upon counsel for plaintiffs an offer of settlement of $5,000. Plaintiffs did not accept this offer.

We first address plaintiffs' claim that the defendants are not entitled to costs, because their offer did not comply with Rule 68 as it did not expressly include "costs then accrued." The Supreme Court of the United States has previously addressed this precise issue and concluded that "it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid." *Marek v. Chesny,* 473 U.S. 1, 6, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1984). The Supreme Court's holding in *Marek* is clear and unambiguous and compels us to conclude that the offer was valid under Rule 68.

Plaintiffs, however, also assert that Rule 68 is not applicable herein, where judgment was granted in favor of the defendant rather than the plaintiff. Once again we are guided by a clear and unambiguous pronouncement of the Supreme Court which leaves little room for interpretation. "It [Rule 68] is simply inapplicable to this case because it was the defendant that obtained the judgment." *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1980). *See also, Sack v. Carnegie Mellon University,* 106 F.R.D. 561 (W.D.Pa.1985).

AND NOW this 14th day of January, 1988, for the reasons set forth herein, IT IS ORDERED that Defendants' Petition for Payment of Costs is DENIED.

## ORDER

We previously denied Defendants' Motion for Costs under Rule 68. Defendants have now filed a Motion for Costs under Rule 54(d), seeking various items of expense totalling $15,484.52! We consider this to be gross overreaching.

Defendants seek reimbursement for airfare, meals and lodging. Although the case was filed and tried in Erie, Pa., defendants chose to hire Pittsburgh counsel rather than local defense counsel. To now ask that plaintiff be penalized for defendants' choice of out of town counsel is absurd and unconscionable.

Other items, such as telephone charges, postage and photocopying expense (the last being an incredible $1,800) are ordinary costs of doing business. We will not impose the overhead of a well-heeled law firm on the back of an individual who filed a viable, if ultimately unsuccessful, lawsuit. Such an attempt is offensive to the Court.

The other items of expense are the normal expenses associated with defending a product liability suit. We might ordinarily award such nominal expenses as witness fees and fees of the Clerk or Marshal, see 28 U.S.C. § 1920, but in the present case, because defendants have exhibitted gross overreaching in a transparent effort to punish an unsuccessful litigant and to discourage others, and because defendants have already caused plaintiff's counsel to expend additional time and effort in opposing the obviously meritless Motion for Costs under Rule 68, and because the award of costs under Rule 54(d) is discretionary with the Court, we hereby DENY defendants' Motion for Costs under Rule 54(d). The parties shall bear their own costs.