**Mary A. MATHIEU, Appellant,**

v.

**Katherine L. FREEMAN, Mary Anne Saadat, et al., Respondents.**

**No. C1–91–49.**

Court of Appeals of Minnesota.

June 25, 1991.

Review Denied Aug. 29, 1991.

Kevin L. Callahan, Paige J. Donnelly, Ltd., St. Paul, for appellant.

Thomas J. Miller, Maple Grove, for Katherine L. Freeman.

Daniel D. Reisman, Minneapolis, for Mary Anne Saadat, et al.

Considered and decided by LANSING, P.J., and RANDALL and PETERSON, JJ.

## FACTS

LANSING, Judge.

Mary Mathieu brought a negligence action against Katherine Freeman and others for injuries she suffered in an automobile collision. After a nonbinding arbitration hearing, Freeman sent Mathieu a $25,000 settlement offer that referred to Minn. R.Civ.P. 68 but did not mention whether the proposal included costs and disbursements. Mathieu did not respond to Free-

man's offer, and the case was tried to a jury. The trial court entered judgment on the $18,009 jury verdict for Mathieu but denied costs and disbursements. Mathieu appeals.

## ISSUE

Does a settlement offer that invokes Minn.R.Civ.P. 68, but does not refer to costs and disbursements, trigger the application of Rule 68?

## ANALYSIS

Minn.R.Civ.P. 68, which is designed to encourage settlement, provides:

> At any time prior to ten days before the trial begins, any party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer or to pay or to accept a specified sum of money, with costs and disbursements then accrued * * *.

If a valid offer is not accepted and the judgment finally entered is less favorable than the offer, the offeree loses any right to costs and disbursements and must pay those of the offeror. *Id.*

This court has previously considered what settlement language is required to enforce Rule 68's cost-shifting provision. In *Kusniryk v. Arrowhead Regional Corrections Bd.*, 413 N.W.2d 182 (Minn.App. 1987), we held that a bare offer referring to neither Rule 68 nor costs and disbursements could not trigger Rule 68. *Id.* at 184 (citing *Grill v. Blakeborough*, 189 Minn. 354, 249 N.W. 194 (1933)). Mathieu asserts that under *Kusniryk*, Freeman's failure to include a provision for costs and disbursements in the offer prevents the application of Rule 68. Although the rationale in *Kusniryk* can be extended to support this argument, *see id.* at 183–84 (discussing *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)), *Kusniryk* was decided on different facts. In *Kusniryk*, the offer

referred neither to costs and disbursements nor to Rule 68. Freeman's offer specifically referred to Rule 68.

Cases interpreting Fed.R.Civ.P. 68,[1] although not binding on this court, persuasively reason that a reference to costs and disbursements is not an indispensable component of a valid Rule 68 offer. *See David v. AM Inter'l*, 131 F.R.D. 86, 88–89 (E.D.Pa.1990) (failure to reference costs and disbursements in settlement offer did not affect enforcement of Rule 68; rule required adding costs and disbursements to lump-sum offer); *Staples v. Wickesberg*, 122 F.R.D. 541, 544–46 (E.D.Wis.1988); *Trohoske v. McDonough Power Equip. Co.*, 118 F.R.D. 425 (W.D.Pa.1988). Consistent with federal practice, we hold that the clear reference to Rule 68 in Freeman's settlement offer is sufficient to enforce the Rule against Mathieu.[2]

This construction is consistent with the Rule's underlying policy concerns. Although Freeman's offer did not refer to costs and disbursements, its express invocation of Rule 68 provided Mathieu with sufficient notice that rejecting the offer could result in a denial of costs and disbursements. Thus, the offer satisfied *Kusniryk's* concerns for certainty while promoting settlement.

## DECISION

Because Freeman's settlement offer expressly invoked Minn.R.Civ.P. 68, the trial court properly denied Mathieu's costs and disbursements.

Affirmed.

1. Although not identical to the Minnesota rule, the federal rule contains the same cost-shifting mechanism following a judgment less favorable than a rejected offer. Accordingly, federal Rule 68 cases are a primary source of guidance in interpreting Minnesota Rule 68. *See Everson v.*

*Kapperman*, 343 N.W.2d 19, 20 n. 3 (Minn. 1984).

2. *Peller v. Harris*, 464 N.W.2d 590 (Minn.App. 1991), a recent decision relying on *Kusniryk*, does not state whether the rejected settlement offer expressly invoked Rule 68.