**Elizabeth Kay KOOP, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 624, Respondent.**

No. C6-93-584.

Court of Appeals of Minnesota.

Aug. 31, 1993.

Judith K. Schermer, Schermer & Altman, Minneapolis, for appellant.

Kay Nord Hunt, Ehrich L. Koch, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and CRIPPEN, and HARTEN, JJ.

**OPINION**

HARTEN, Judge.

Appellant Elizabeth Kay Koop seeks attorney fees as a prevailing party pursuant to the Minnesota Human Rights Act, Minn.Stat. § 363.14, subd. 3 (1992). She challenges the

district court's determination that her attorney fees are not "costs" in an offer of judgment made and accepted pursuant to Minn. R.Civ.P. 68. We affirm as modified and remand.

## FACTS

In July 1991, Koop, a custodian at South High School in White Bear Lake, sued her employer, respondent Independent School District No. 624, alleging sexual harassment, a hostile work environment and retaliation. Koop alleges that she was sexually harassed for years by male supervisors. She also alleges retaliation for having reported that female students on the high school gymnastics team were repeatedly sexually fondled and harassed by two male gymnastics coaches and that a male faculty member displayed a nude photograph of a female student on a classroom wall.

In October 1992, after a non-binding summary jury trial, the summary jury returned a special verdict finding that Koop was sexually harassed by the school district, that the school district sexually discriminated against her and that the school district retaliated against her for engaging in conduct protected by the Minnesota Human Rights Act. The summary jury found that $10,000 would fairly compensate Koop for her damages.

In November 1992, the school district made an offer of judgment pursuant to rule 68 for $5,000, "with costs and disbursements accrued to date." Koop accepted the offer of judgment on November 13, 1992.[1] In December 1992, after a hearing on Koop's motions for attorney fees, the district court filed findings of fact, conclusions of law and order for judgment in which it concluded that Koop was entitled to judgment for $5,000 and taxable costs of $2,440, but that Koop's attorney fees were not awardable "costs" under Minn.

R.Civ.P. 68.[2] Judgment for $7,440 was entered for Koop on December 18. Koop appeals, claiming that she is entitled to attorney fees as costs pursuant to Minn.Stat. § 363.14, subd. 3.

## ISSUES

1. Does *Bucko v. First Minn. Sav. Bank*, 471 N.W.2d 95 (Minn.1991) bar Koop's recovery of attorney fees pursuant to Minn.Stat. § 363.14, subd. 3 (1992)?

2. Is Koop entitled to attorney fees as a prevailing party pursuant to Minn.Stat. § 363.14, subd. 3 (1992)?

## ANALYSIS

■ 1. Koop contends that the district court erred in holding that "costs" in an offer of judgment do not include attorney fees pursuant to Minn.Stat. § 363.14, subd. 3 (1992).[3] A district court's decision on the reasonableness of costs is subject to an abuse of discretion standard. *Stinson v. Clark Equip.*, 473 N.W.2d 333, 335 (Minn.App. 1991), *pet. for rev. denied* (Minn. Sept. 13, 1991). When the district court's decision is a question of law, however, our review is de novo. *Id.*

■ Minn.R.Civ.P. 68 provides that ten days or more before trial,

any party may serve upon an adverse party an offer to allow judgment to be entered * * * with costs and disbursements then accrued * * *. If the offer is accepted, either party may file the offer and the notice of acceptance * * * and thereupon the court administrator shall enter judgment. An offer not accepted is not admissible, except in a proceeding to determine costs and disbursements. If the judgment finally entered is not more favorable to the

---

1. Koop maintains that she accepted the offer of judgment in the belief that the "costs" would include attorney fees awardable under Minn.Stat. § 363.14, subd. 3. The school district maintains that it made the offer in the belief that the "costs" would *not* include attorney fees awardable under that statute.

2. The district court found that in the event Koop is entitled to attorney fees, $9,900 is a reasonable sum under Minn.Stat. § 363.14, subd. 3.

3. If the attorney fees are recoverable as costs, one could ask whether the school district is bound by its offer of judgment. This issue was litigated in district court, but the school district has apparently abandoned the issue on appeal. The school district has not filed a notice of review on its claim that Koop accepted the offer of judgment with the understanding that she would not recover attorney fees.

offeree than the offer, the offeree must pay the offeror's costs and disbursements.

Rule 68 furnishes an incentive to make settlement offers by providing that payment of costs and disbursements is shifted to the offeree in the event "the trial outcome is not as favorable as the offer." 2A David F. Herr & Roger S. Haydock, *Minnesota Practice* § 68.3 (2d ed. 1985). Rule 68 "does not provide a mechanism for shifting the burden of [attorney fees]," however. *Id., cited in Bucko v. First Minn. Sav. Bank,* 471 N.W.2d 95, 98 (Minn.1991).

The school district does not dispute that caselaw interpreting the parallel federal rule holds that when attorney fees are allowed as costs to a plaintiff under a statute which provides the substantive law of the suit, those costs are awardable under an offer of judgment pursuant to Fed.R.Civ.P. 68.[4] *See* 7–Pt. 2 James W. Moore, et al., *Moore's Federal Practice* § 68.06[3] (2d ed. 1985) (citing *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 3016–17, 87 L.Ed.2d 1 (1985)); *see also, Kusniryk v. Arrowhead Regional Corrections Bd.,* 413 N.W.2d 182, 183 (Minn.App. 1987) (noting desirability of interpreting "state rules of procedure in accordance with the construction given similar federal rules"). The school district, however, persuaded the district court that the Minnesota Supreme Court's holding in *Bucko* disallows adoption of the *Marek* holding in Minnesota.

The substantive law upon which suit was brought in *Bucko* was the statute forbidding employers from requiring or soliciting employees to submit to polygraph tests, Minn. Stat. § 181.75 (1990). It provides that an individual injured by a violation of section 181.75 can bring

a civil action [for damages], together with costs and disbursements, including costs of investigation and reasonable [attorney fees].

Minn.Stat. § 181.75, subd. 4.

In *Bucko,* all three plaintiffs rejected the defendant's rule 68 offers of judgment. 471 N.W.2d at 97. Two plaintiffs recovered judgments more favorable than the defendant's offers of judgment; one plaintiff recovered nothing. *Id.* at 98. The defendant claimed costs from the nonrecovering plaintiff under operation of the provision of rule 68 addressing the effect of a rejected offer:

If the judgment finally entered is not more favorable to the offeree than the offer, the offeree must pay the offeror's costs and disbursements.

Minn.R.Civ.P. 68. The Minnesota Supreme Court held that the defendant, who had no claim for attorney fees under subdivision 4 of the polygraph statute, was not entitled to attorney fees as costs through operation of the cost shifting mechanism of Minn.R.Civ.P. 68. *Bucko,* 471 N.W.2d at 98 (citing Herr & Haydock, *supra,* § 68.3); *see also, Zackaroff v. Koch Transfer Co.,* 862 F.2d 1263, 1265 (6th Cir.1988) (attorney fees are includible under federal rule 68 as costs only when "authorized by the substantive statute at issue in the litigation").

In the instant case, the school district points to broad language used by the supreme court in *Bucko:* "For purposes of applying Minn.R.Civ.P. 68, 'costs' do not include attorney fees." 471 N.W.2d at 98. The school district maintains that the quoted language absolutely bars an accepting offeree from receiving attorney fees as "costs" when judgment was offered "with costs and disbursements then accrued" pursuant to Minn. R.Civ.P. 68.

The issues in *Bucko* concerned the shifting of costs through *operation* of rule 68, not what costs are awardable when a rule 68 offer of judgment is accepted. In *Bucko,* the offeror seeking attorney fees as costs through operation of rule 68 was not entitled to attorney fees as costs under the substantive law in the underlying action.[5] Moreover, *Bucko* did not expressly address whether attorney fees are awardable as rule 68 costs when they are defined as costs by the sub-

---

**4.** Minn.R.Civ.P. 68 provides that a party may "serve upon an adverse party an offer to allow judgment to be entered * * * with costs and disbursements then accrued." Fed.R.Civ.P. 68 is virtually identical in pertinent part.

**5.** Minn.Stat. § 181.75, subd. 4 provides that a recovering plaintiff may receive attorney fees as costs. It does not have such a provision for a prevailing defendant.

stantive law of the suit. *See Marek*, 473 U.S. at 9, 105 S.Ct. at 3016–17.

Conversely, *Bucko* does appear to say that even if the cost shifting mechanism of rule 68 is triggered, it would not affect awardability of attorney fees because rule 68 " 'costs' do not include attorney fees." 471 N.W.2d at 98. The two *Bucko* plaintiffs who recovered more than the offers of judgment did not have to pay the defendant's costs because the judgments finally entered for them exceeded the offers of judgment made to them. *Id.* The supreme court, however, expressly stated that the recovering plaintiffs remained entitled to "costs and disbursements as awarded pursuant to the polygraph statute." *Id.* In its discussion relating to the defendant not being entitled to attorney fees from the nonrecovering plaintiff, the supreme court indicated that rule 68 " 'costs' do not include attorney fees" and that the rule 68 offers of judgment to the recovering plaintiffs did not categorically alter their "recovery of attorney fees under the polygraph statute." *Id.*

In any event, we are not asked to decide the effect of a rejected offer of judgment as in *Bucko*. In this case, we must determine whether "costs * * * accrued to date" as articulated in the school district's offer of judgment include attorney fees.[6] Minn. R.Civ.P. 54.04 provides that costs "shall be allowed as provided by statute." Koop seeks attorney fees as costs pursuant to Minn.Stat. § 363.14, subd. 3. It states:

> In any action * * * brought pursuant to [section 363.14] the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

Our analysis of *Bucko* reveals no bar to Koop's recovery of attorney fees in the district court's discretion as costs taxable to a prevailing party.[7] We modify the trial court holding accordingly.

■ 2. We have determined that *Bucko* does not prohibit the district court from exercising its discretion to award Koop attorney fees; nonetheless, such recovery remains dependent upon Koop's status as a prevailing party in the underlying litigation. Because we do not agree with the school district that Koop cannot be a prevailing party as a matter of law, we are compelled to remand to the district court for a determination of whether Koop is entitled to attorney fees as a prevailing party pursuant to Minn.Stat. § 363.14, subd. 3.

Minn.Stat. § 363.14, subd. 3 employs language that is similar to federal statutes providing for attorney fees in civil rights actions.[8] Therefore, the analysis employed in federal caselaw is instructive on the issue of whether a civil rights plaintiff who accepts a settlement offer is entitled to attorney fees as a prevailing party. Under federal law, resolution of an action through settlement does not prevent a civil rights plaintiff from being a prevailing party. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980), *cited in Rohrer v. Slatile Roofing & Sheet Metal Co.*, 655 F.Supp. 736, 737 (N.D.Ind.1987). A civil rights plaintiff can also be a prevailing party when resolution of the action is by a federal rule 68 offer of judgment. *Delta Air Lines v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981), *cited in Rohrer*, 655 F.Supp. at 737.

**6.** We note that the authors of *Minnesota Practice* apparently do not interpret *Bucko* as an absolute bar to treating attorney fees as costs for purposes of rule 68. Citing *Bucko*, they suggest that rule 68 "costs" are "taxable costs under [rule 54], and not necessarily [attorney fees]." 2A David F. Herr & Roger S. Haydock, *Minnesota Practice* § 68.3 (1993 Supp.).

**7.** We do not reach Koop's argument that the attorney fees provision in the substantive statute in *Bucko*, the polygraph statute, Minn.Stat. § 181.75, subd. 4, is different from the attorney fees provision in Minn.Stat. § 363.14, subd. 3. *See Shorter v. Valley Bank & Trust*, 678 F.Supp. 714, 720–21 (N.D.Ill.1988) (Cited by Koop as

authority for the proposition that because the attorney fees provision in the polygraph statute does not cast the attorney fees as "costs," they are not recoverable as rule 68 costs. Koop points out, however, that the attorney fees provision in the Human Rights Act denominate the attorney fees as costs, and therefore are recoverable as rule 68 costs. Therefore, Koop argues that *Bucko* can be distinguished.)

**8.** For example, in actions under Title VII of the Civil Rights Act of 1964, attorney fees are awardable pursuant to 42 U.S.C.A. § 2000e–5(k) (Supp. 1993). It provides that "the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee."

 We cannot agree with the school district that, as a matter of law, the school district's offer constituted a nuisance settlement. The settlement should not prevent a finding that Koop is a prevailing party so long as she achieved "sought-after benefits" or vindicated civil rights. *Chicano Police Officer's Ass'n v. Stover,* 624 F.2d 127, 131 (10th Cir.1980). It is not required that the settlement agreement designate plaintiff the prevailing party or contain the defendant's admission of fault. *Id.* at 130. If the district court finds, as Koop argues, that her lawsuit caused the school district to begin enforcing its sexual harassment policy, then Koop has vindicated civil rights for the public good. *See Cowan v. Prudential Ins. Co. of America,* 935 F.2d 522, 527 (2d Cir.1991) (recognizing that civil rights lawsuits are private only in form); *Kamrath v. Suburban Nat'l Bank,* 363 N.W.2d 108, 112 (Minn.App.1985) (provision for attorney fees shows legislative intent to enact private attorney general statute giving rise to considerations of removing financial barriers to vindication of rights and advancement of the public interest).

Finally, we disagree with the school district's assertion that, as a matter of law, Koop cannot be a prevailing party because the school district inserted the following language into its offer of judgment:

> This Offer of Judgment is made for the purposes specified in Rule 68 and is not to be construed either as an admission that [the school district] is liable in this action or that [Koop has] suffered any damage.

The school district misplaces reliance on *Pigeaud v. McLaren,* 699 F.2d 401, 402 n. 2 (7th Cir.1983) (plaintiff not a prevailing party where defendant's settlement offer of $1 expressly refused to admit liability and plaintiff had no actual injury). In *Pigeaud,* the court said that without damages or actual injury the defendant could only have liability by admission. *Id.* If the district court determines that Koop has had success on the merits, it is not required that the school district admit liability.

## DECISION

*Bucko* does not bar an award of attorney fees as costs to an offeree who has accepted a rule 68 offer of judgment when the attorney fees are awardable to the offeree as a prevailing party pursuant to Minn.Stat. § 363.-14, subd. 3. Therefore, we remand to the district court for a determination of whether Koop is a prevailing party within the meaning of Minn.Stat. § 363.14, subd. 3.

**Affirmed as modified and remanded.**