**Glen J. HALLOW, Appellant,**

v.

**Tammy Lynn FILIYARO, et al., Respondents.**

**No. C9–94–1674.**

Court of Appeals of Minnesota.

Jan. 24, 1995.

Edward F. Rooney, Minneapolis, for appellant,

Denise L. Reuter, Patrick M. FLynn, Arden Hills, for respondents.

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

Considered and decided by HUSPENI, P.J., and SCHUMACHER and MANSUR, JJ.

## OPINION

MANSUR, Judge \*.

Respondents offered appellant, who had been injured in an automobile accident, a lump sum of $40,000 to settle the case pursuant to Minnesota Rule of Civil Procedure 68. Appellant did not accept the $40,000 offer, and instead proceeded to trial. Six months later a jury awarded him only $4,200 in damages. Pursuant to Rule 68, the trial court then shifted respondents' costs and disbursements to appellant. Appellant argues that the settlement offer did not conform to the requirements of Rule 68. We affirm.

## FACTS

In July 1989, respondent Tammy Filiyaro was driving a vehicle owned by respondent Garkida Filiyaro when she rear-ended a car being driven by appellant Glen Hallow. Hallow subsequently sued the Filiyaros for injuries resulting from the accident.

In December 1992, the Filiyaros sent Hallow's attorney a document entitled:

DEFENDANTS' OFFER OF SETTLEMENT PURSUANT TO MINNESOTA STATUTES, SECTION 549.09, SUBD. 1, AND RULE 68.01 OF THE MINNESOTA RULES OF CIVIL PROCEDURE.

In the document, the Filiyaros offered to settle the claim for $40,000, and stated that pursuant to Rule 68 they would seek to recover their costs and disbursements from Hallow, "should the verdict in this case be less favorable" than their $40,000 offer.

Hallow's attorney failed to respond to the settlement offer, and six months later the case was presented to a jury for a determination of damages. The jury awarded Hallow only $3,250 for past pain and suffering, and $1,000 for future medical expenses.

pointment pursuant to Minn. Const. art. VI, § 10.

Hallow moved for a new trial, arguing in part that the Filiyaros' settlement offer had not conformed with Rule 68 so as to require him to pay their costs and disbursements. The trial court disagreed, and ordered judgment in an amount that shifted liability for the Filiyaros' costs and disbursements to Hallow. Hallow appeals.

## ISSUE

Does a lump sum settlement offer that includes fees and costs conform to the requirements of Minnesota Rule of Civil Procedure 68?

## ANALYSIS

Whether a settlement offer complies with Minn.R.Civ.P. 68 is a question of law, and this court need not defer to the trial court on a legal question. *See Citizens State Bank v. Wallace,* 477 N.W.2d 741, 742 (Minn. App.1991) (reviewing as a legal question whether notice complies with Minnesota Rules of Civil Procedure).

Rule 68, which is designed to encourage settlement, provides in part:

> [A]ny party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer *or to pay or accept a specified sum of money, with costs and disbursements then accrued.*

Minn.R.Civ.P. 68 (emphasis added). The rule further provides that if a valid offer is not accepted and the judgment finally entered is less favorable than the offer, the offeree must pay the costs and disbursements of the offeror. *Id.*

> Here, the settlement offer states that it is: [A] written offer of settlement in the amount of Forty Thousand and No/100ths Dollars ($40,000.00), *which sum includes costs, disbursements, and interest accrued to date,* said sum being offered in compromise and settlement of a disputed claim for damages for personal injuries and/or special damages in the above-entitled case.

(Emphasis added.)

Hallow argues that this offer was insufficient to trigger the cost-shifting provisions of Rule 68 because the offer *includes* payment for costs, disbursements, and interest in a lump sum. Hallow argues that a valid Rule 68 offer must provide a separate, unenumerated amount for "costs and disbursements then accrued."

In support, Hallow first cites *Kusniryk v. Arrowhead Regional Corrections Bd.,* 413 N.W.2d 182 (Minn.App.1987). In *Kusniryk,* this court held that an offer was insufficient to trigger Rule 68's cost-shifting mechanism where it made no reference to costs and disbursements. *Id.* at 184. But *Kusniryk* is distinguishable because the settlement offer here states that it includes "costs, disbursements, and interest accrued to date." For the same reason, *Peller v. Harris,* 464 N.W.2d 590, 594 (Minn.App.1991), is distinguishable.

Hallow next cites *Mathieu v. Freeman,* 472 N.W.2d 187 (Minn.App.1991), *pet. for rev. denied* (Minn. Aug. 29, 1991). In *Mathieu,* this court relaxed its previous holdings and held that a settlement offer that made no mention of costs or disbursements, but that did refer to Rule 68, was sufficient to invoke the cost-shifting mechanism. *Id.* at 188.

Hallow argues that *Mathieu* is distinguishable. He argues that, in contrast to the facts here, the *Mathieu* court "was simply supplying a missing provision" regarding costs and disbursements. We disagree, however, because the *Mathieu* court did not state that it was simply "supplying a missing provision." Rather, *Mathieu* is based on cases interpreting Fed.R.Civ.P. 68, and those cases hurt Hallow's argument more than they help. *See Staples v. Wickesberg,* 122 F.R.D. 541, 545–46 (E.D.Wis.1988) (interpreting Rule 68 to permit defendants to make lump sum offers that represent their total liability); *Trohoske v. McDonough Power Equip.,* 118 F.R.D. 425, 425 (W.D.Pa.1988) (same).

Hallow also contends the offer was too ambiguous to comply with Rule 68 because it frustrated his ability to assess whether $40,000 was adequate. We agree with the Filiyaros, however, that Hallow was the "obvious and appropriate person" to evaluate his costs and determine whether the $40,000 lump sum would cover those costs. We also question the "ambiguity" of a flat $40,000 offer.

Finally, although a finding that the offer here conforms with Rule 68's requirements would be consistent with the Supreme Court holding in *Marek v. Chesny,* Hallow argues *Marek* should not be followed. 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985). He cites Minnesota cases which he claims have declined to follow *Marek. Bucko v. First Minn. Sav. Bank,* 471 N.W.2d 95 (Minn.1991); *Koop v. Independent Sch. Dist. No. 624,* 505 N.W.2d 93 (Minn.App.1993). But *Marek* decided two issues: (1) whether a lump sum offer that includes attorneys fees is proper under Rule 68, and (2) whether "the term 'costs' as used in Rule 68 includes attorney's fees awardable under 42 U.S.C. § 1988." 473 U.S. 1, 5, 105 S.Ct. 3012, 3014. Minnesota courts have only declined to follow the second holding in *Marek. Bucko,* 471 N.W.2d at 98 ("costs" do not include attorney fees under Minn.R.Civ.P. 68); *Koop,* 505 N.W.2d at 95 (same). No Minnesota court has declined to follow the first holding in *Marek*—that a lump sum offer that includes attorney fees is valid under Rule 68.

Thus, we conclude that Rule 68 does not require that a defendant's offer itemize the respective amounts being tendered for settlement of the underlying substantive claim and for costs. This construction of the rule best furthers the objective of the rule, which is to encourage settlements, because it allows defendants to make lump sum offers that would, if accepted, represent their total liability.

### DECISION

The trial court properly held that a lump sum settlement offer that includes fees and costs is sufficient to trigger Rule 68's cost-shifting mechanism.

**Affirmed.**