Valerie Jean OLSON, et al., Respondents,

v.

James Allen NUSZLOCH, Appellant.

No. C9–97–1625.

Court of Appeals of Minnesota.

Feb. 24, 1998.

Ross Muir, Muir, Heuel, Carlson & Spelhaug, P.A., Rochester, for respondents.

Michael Hughes, Patrick J. Kelly, La Bore & Giuliani, Ltd., Hopkins, for appellant.

Considered and decided by WILLIS, P.J., and DAVIES and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, * Judge.

This case arises from an appeal of the district court's award of costs and disbursements.

## FACTS

Valerie Jean Olson brought an action against James Allen Nuszloch for damages arising from a car accident. Nuszloch made an offer of judgment for $15,000, including costs and disbursements, pursuant to Minn. R. Civ. P. 68. Olson rejected the offer. Because Nuszloch admitted liability, the only question for the jury was the amount of damages.

The jury subsequently awarded Olson $10,293. The district court then ruled that Nuszloch was entitled to his costs and disbursements because his offer of judgment was more favorable to Olson than the jury's verdict. But the court also ruled that Olson was the prevailing party at trial and was entitled to her costs and disbursements pursuant to Minn.Stat. § 549.04 (1996). Nuszloch appeals the district court's award of costs and disbursements to Olson.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUE

Can a party who refuses to accept an offer of judgment more favorable to the offeree than the judgment ultimately obtained at trial be awarded costs and disbursements under Minn.Stat. § 549.04 (1996)?

## ANALYSIS

■ The construction of a rule of civil procedure is a question of law this court reviews de novo. *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn. 1992). Minn. R. Civ. P. 68 provides that when a party makes an offer of judgment and the offeree rejects the offer, and "the judgment finally entered is not more favorable than the offer, the offeree must pay the offeror's costs and disbursements." *Id.* In addition, Minn.Stat. § 549.04 provides that in all actions the prevailing party is entitled to reasonable costs and disbursements.

■ The principal purpose behind rule 68 is to encourage settlement prior to trial. *Bucko v. First Minnesota Sav. Bank, F.B.S.*, 471 N.W.2d 95, 98 (Minn.1991). The rule achieves its purpose by shifting "the burden of paying costs properly taxable." Minn. R. Civ. P. 68, 1985 advisory comm. note.

This court has stated that when the judgment finally entered is not more favorable than a rejected rule 68 offer of judgment, the offeree loses any right to costs and disbursements. *Mathieu v. Freeman*, 472 N.W.2d 187, 188 (Minn.App.1991), *review denied* (Minn. Aug. 29, 1991). This interpretation is consistent with the U.S. Supreme Court's interpretation of Fed.R.Civ.P. 68. *See Marek v. Chesny*, 473 U.S. 1, 12, 105 S.Ct. 3012, 3018, 87 L.Ed.2d 1 (1985); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981); *see also* Lesley S. Bonney et al., *Rule 68: Awakening A Sleeping Giant*, 65 Geo. Wash. L.Rev. 379, 380 (1997) (stating that a party who rejects an offer of judgment pursuant to federal rule 68 and subsequently obtains a verdict less favorable than the offer is precluded from obtaining costs).

Because Olson received an award less favorable than the offer of judgment, she was not entitled to costs under Minn.Stat. § 549.04.

## DECISION

The district court erred in awarding Olson costs and disbursements pursuant to Minn. Stat. § 549.04 because Olson rejected an offer of judgment pursuant to Minn. R. Civ. P. 68 that was more favorable than the verdict ultimately obtained.

**Reversed and remanded.**