**Robert KVENVOLD, Respondent,**

v.

**FREEBORN COUNTY SHERIFF'S DEPT., and Self–Insured, Relator.**

**No. C1–98–2312.**

Supreme Court of Minnesota.

March 11, 1999.

Jerome D. Vehanen, Nancy E. Lame, McCollum, Crowley, Vehanen, Moschet & Miller, Ltd., Bloomington, for relator.

Raymond R. Peterson, Sieben, Gross, Von-Holtum, McCoy & Carey, Ltd., Minneapolis, for respondent.

## OPINION

STRINGER, Justice.

This workers' compensation matter comes before us by certiorari on the relation of the Freeborn County Sheriff's Department, self-insured employer, to review an order of the Workers' Compensation Court of Appeals (WCCA) awarding disbursements taxed 21 months after the filing of the final appellate decision in the main action. We reverse.

Robert Kvenvold worked as a jailer for the Freeborn County Sheriff's Department. On June 13, 1989, the employee sustained a low back injury and was later diagnosed as suffering from post traumatic stress disorder as a result of his work over the years. Both injuries were determined to be compensable, *Kvenvold v. Freeborn Sheriff's Dept.*, 49 Minn. Workers' Comp. Dec. 599 (WCCA 1993), *aff'd without opinion*, 512 N.W.2d 105 (Minn.1993), and the employer has since then paid various workers' compensation benefits, including wage loss benefits.

In 1995, a dispute arose over medical expenses and rehabilitation services. The compensation judge found in favor of the employee on both issues. On appeal, the WCCA affirmed the determination as to rehabilitation services but reversed the award of medical benefits. On review on certiorari, we

affirmed by order filed January 22, 1997. *Kvenvold v. Freeborn County Sheriff's Dept.*, 56 Minn. Workers' Comp. Dec. 92 (WCCA 1996), *aff'd without opinion*, 560 N.W.2d 92 (Minn.1997).

On October 21, 1998, the employee filed a petition with the WCCA for the taxation of actual and necessary disbursements incurred in prior proceedings and ending with our January 22, 1997, order. The self-insured employer objected, contending (among other things) that the petition for taxation of disbursements had not been filed within 45 days of the final appellate decision as required by Minn. Rule 9800.1700. Concluding that no party had been prejudiced by the employee's untimely petition, the WCCA awarded $470.12 in disbursements.

Minnesota Statutes Section 176.511, subdivision 2 (1998) provides that "on appeal the workers' compensation court of appeals, may award the prevailing party reimbursement for actual and necessary disbursements" incurred in the hearing before the compensation judge and on appeal to the WCCA. *See Hodgin v. Ford Motor Co.*, 341 N.W.2d 567, 569–70 (Minn.1983) (WCCA may award disbursements incurred in hearing and on appeal). The WCCA practice rules provide that a petition to the WCCA for the taxation of disbursements "must be filed within 45 days of the filing of the final appellate decision in the main action." Minn. Rule 9800.1700.[1] Shortly after the practice rule was adopted, the WCCA admonished that effective September 20, 1985, Rule 9800.1700 required the filing of petitions for the taxation of disbursements within 45 days of the final appellate decision. *See, e.g., Seefeld v. Big Stone Canning Co.*, No. 475–50–9676, 1986 WL 55231 (Minn. WCCA Dec. 29, 1986); *Staples v. Janesville Auto Transport*, No. 399–40–3744, 1986 WL 55222 (Minn. WCCA Dec. 19, 1986); *McIntosh–Grotto v. Ford Motor Co.*, No. 264–08–4812, 1985 WL 47678 (Minn. WCCA Dec. 5, 1985). In *Georges v. Reserve Mining Co.*, 49 Minn. Workers' Comp. Dec. 1 (WCCA 1993), a claim for

section 176.511 attorney fees was deemed waived where the petition had not been filed within 45 days of final disposition of the matter.

The employer contends that the petition for the taxation of disbursements in this case should have been denied as untimely. We agree. The filing of this petition some 21 months after the final appellate decision clearly went well beyond the bounds set by the rule. We therefore reverse the award of disbursements.

Reversed.

---

1. Rule 9800.1700 provides:

    The court may tax actual and necessary costs and disbursements, as prescribed by Minnesota Statutes, section 176.511. Parties shall com-

ply with the procedure in part 9800.1400 except that petitions under this part must be filed within 45 days of the filing of the final appellate decision in the main action.